## CARROCCIO ET UX. *v.* THORPE

[No. 153, September Term, 1959.]

40

*Decided March 15, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*John Sumner Wood, Sr.,* with whom was *Judson Rawlings
Wood,* on the brief, for appellants.

*H. Ralph Miller,* with whom were *Miller, Miller & Miller,*
on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

Property owners, who had a summary judgment entered
against them in favor of a contractor-builder, appeal.

On or about April 3, 1958, the appellee, Bernard C. Thorpe,
filed a law suit against the appellants, Mr. and Mrs. Carroccio,
in which he asked the Circuit Court for Montgomery County
to award him damages and monies due by virtue of a written
contract for the construction of a dwellinghouse, entered into
by and between the parties on the 3rd day of January, 1957.
Filed with the declaration were a motion for summary judg-
ment, the construction contract, and an affidavit in support of
the motion. The appellants filed a plea, and thereafter counsel
for the parties agreed upon a written stipulation whereby Ed-

ward W. Nylen would be appointed as a special auditor to state an account in the cause, and the plaintiff's motion for summary judgment was, at that time, withdrawn. The stipulation set forth certain terms and conditions which were to be irrevocable and provided that either party aggrieved by the account to be filed by the special auditor would be limited to a remedy of excepting to the account within ten (10) days following the receipt of a copy of said account. Pursuant to this stipulation the court passed an order on August 28, 1958, appointing Nylen as a special auditor to state an account according to the terms and conditions agreed upon in the stipulation. The special auditor met with counsel for both the appellants and the appellee on several occasions and discussed all of the items of construction and items claimed as credit by both parties, item by item, and in some detail. He viewed the premises on two occasions and on the second occasion, was accompanied by the parties to the suit and their respective counsel. After many meetings of counsel and the parties with the auditor, the appellee claimed that a complete settlement and agreement was reached as to all items in controversy except five. The appellee further claims that the parties, in the presence of the special auditor, agreed as to whether each item should be allowed or disallowed or set forth in the account at all and the amounts to be credited to each item. Five items, according to the appellee, could not be agreed upon as to amount and were left to the auditor to determine. The appellee claims the amounts were adjusted according to arguments advanced by counsel for both parties and many items were split, traded, deleted and added in the spirit of compromise and in an effort to reach a settlement. Thereafter, the auditor prepared and filed an account in which he set forth all the items which he thought had been agreed upon and the amounts agreed to and showed the total due the appellee by virtue of the settlement. He also made a determination as to the five items on which no agreement could be reached by the parties.

The appellants filed some forty detailed exceptions to the report of the special auditor, and, in the exceptions, it was alleged that the appellants "were advised that said report was a tentative report"; that the auditor had "failed to consider

certain evidence submitted relating to the items excepted" to; and that they were not advised that the report had been filed as a "final" one.

The appellees filed another motion for a summary judgment based again upon the ground that there was no genuine dispute as to any material fact. Rule 610 d. This motion was for judgment for the amount due for the items which the appellee claims were agreed upon and did not affect the items that the appellee concedes were disputed. The appellants' counsel filed his personal affidavit in opposition to the motion in which he stated that the auditor's report had been submitted to him as a tentative one and not as a final report, and that "this was based on a conversation with the Auditor." He further swore that prior to his receipt "of said tentative report" he had submitted to the auditor certain written factual data, which "definitely affected the items discussed," but, contrary to his understanding, no further opportunity was given him to have this data considered.

At the hearing of the motion for summary judgment, the learned trial judge took the testimony of the auditor, but no stenographer was present to record and transcribe the same. Upon the evidence given by the auditor and the pleadings, summary judgment was rendered against the appellants based upon the items that the appellee claimed the parties had agreed upon, less certain possible credits the validity of which had not been determined.

Before considering the principal question involved, there is a subsidiary one that should be disposed of. We have stated that the testimony of the auditor at the hearing of the motion was not recorded. The appellee moves to have the record added to by offering an affidavit of the auditor giving the substance of his testimony, certified by the judge. In this type of an appeal, we know of no such procedure that permits the record to be supplemented in the absence of agreement by counsel or the parties. We may add, however, that the affidavit, if properly before us, would not change the result reached in this opinion.

We turn now to the principal question. We think the pleadings and affidavits show that there was a genuine dispute be-

tween the parties as to material facts. The stipulation provided that "either party aggrieved" by the auditor's account may "file a list of exceptions thereto" and "these matters will then be sent for hearing before the Court" at which time the parties may present such evidence as they wish in support of their contentions. The appellants had filed, as stated above, some forty exceptions and an affidavit by their counsel. The major claim of the appellee was that the parties had agreed to certain items in the auditor's account. Many of these items were the very ones disputed in the exceptions. The hearing was not one to determine the validity, *vel non,* of the exceptions, but a motion for a summary judgment. The purpose of a hearing on a motion for a summary judgment is not to determine disputed facts, but to determine whether there are disputed facts. In addition, the appellants claimed that the auditor's account had been represented to them as a tentative one, and the auditor had failed to consider certain of their "data" that had been submitted to him. When the hearing on the motion for summary judgment disclosed that there were genuinely disputed facts, we think the matter should have been set for hearing on the exceptions, in accordance with the stipulation; at which time most, if not all, of the disputed questions between the parties could have been determined.

> *Judgment reversed, and case remanded for further proceedings, the appellee to pay the costs.*