KHOYAN *v.* TURNER

[No. 372, September Term, 1968.]

*Decided October 9, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, MCWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Milton C. Gelenian* for appellant.

*Charles C. Carlton,* with whom were *Shapiro & Weil* on the brief, for appellee.

MCWILLIAMS, J., delivered the opinion of the Court.

On 19 March 1968 the appellant (Khoyan), a citizen of Virginia, sued the appellee (Turner), a citizen of Maryland, in the Circuit Court for Prince George's County. In his declaration Khoyan alleged that on 27 March 1967 Turner "negligently and in violation of the District of Columbia Code and the Maryland Code left the keys to his automobile *in the ignition,*" and as a result of "such negligence" his car was stolen. (Emphasis added.) He further alleged that, on the same day, while being driven by the thief, Turner's vehicle "was caused to collide with * * * [Khoyan's] automobile, which was lawfully parked in the District of Columbia." On 10 July Turner pleaded the general issue. Khoyan served inter-

rogatories on Turner on 16 July seeking information as to the place from which the automobile had been stolen and "whether the keys * * * were *in the ignition,* or in some other *accessible and visible place* in the automobile * * *." (Emphasis added.) On 22 July Turner moved for a summary judgment on the ground that "there is no genuine dispute as to any material fact in issue" and that he was entitled to judgment as a matter of law. The motion was accompanied, not by an affidavit, but a "Memorandum of Points and Authorities" in which Turner stated that he had parked his car "in Bethesda, Montgomery County, Maryland." Khoyan opposed Turner's motion on the grounds that "the substantive rights of the parties * * * are governed by the laws of * * * [the District], where the accident occurred" and that Turner's "failure to remove his automobile keys from the ignition * * * [was] a proximate cause, as a matter of law, of the accident * * *." "Wherefore" he prayed "that he be granted summary judgment against" Turner. In his "Memorandum of Points and Authorities," filed with the opposition to the motion, he assumed that the "material allegations of his declaration" were admitted for the purposes of the motions for summary judgment.

On 5 August Turner filed his answers to Khoyan's interrogatories. He stated that his car had been stolen "from the main visitors' well at Microbiological Association on River Road, Bethesda, Maryland," into whose building he had gone and where he had remained "for two to three minutes," but he refused to answer in respect of the ignition key. Khoyan, on 7 August, excepted to his refusal to answer and, after a hearing, Turner was ordered to answer. On 21 October he filed the following supplementary answer:

> "2 (c). The keys to said automobile were *not* left in the ignition *or in any other visible place* in the automobile on the date it was stolen." (Emphasis added.)

On 14 November 1968 the trial judge, R. B. Mathias,

J., granted Turner's motion for a summary judgment. It is apparent from his brief opinion that Judge Mathias assumed Turner left "the ignition keys in the ignition." It is equally apparent that the pleadings presented a dispute as to whether "the ignition keys * * * [had or had not been] left in the ignition." It was at Khoyan's insistence and Judge Mathias' order that Turner stated his keys were "not left in the ignition or in any other visible place."

Code, Art. 66½, § 247 (1967 Repl. Vol.) provides as follows:

> "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway."

We think it is quite clear that "leaving the key in the ignition" would be a violation of the statute and, of course, such a violation may be evidence of negligence. We think it is equally clear that placing the key in the automobile where it would not be visible, except in extraordinary circumstances, does not amount to a violation of the statute, assuming of course that the ignition had first been locked and the key removed from the lock. Had these been the undisputed facts Turner might have been entitled to a summary judgment on that ground. We do not think it requires argument to sustain the notion, in the context of the case at bar, that there is a genuine dispute about a fact which is obviously material. The motion for summary judgment should not have been granted. Maryland Rule 610 d 1; *Clifton D. Mayhew, Inc. v. George A. Fuller Co., Inc.*, 248 Md. 1, 5 (1967).

> *Judgment reversed.*
> *Case remanded for further proceedings.*
> *Costs to be paid by appellee.*