HILTON, Incompetent, by James E. Hilton, his
Committee *v.* WILLIAMS

[No. 390, September Term, 1969.]

*Decided June 2, 1970.*

The cause was argued before HAMMOND, C. J., and
McWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Gilbert A. Hoffman,* with whom were *Daniel M. Hipsley and Patrick A. O'Doherty* on the brief, for appellant.

*Christopher A. Hansen,* with whom were *Jesse Sling-*

*luff* and *John E. Sandbower, III,* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

On the morning of 7 October 1966, Hilton, a pedestrian, was struck by an automobile driven by Williams, and seriously injured. Suit was instituted in Hilton's behalf in the Superior Court of Baltimore City. Williams pleaded the general issue; interrogatories were filed and answered by both parties; and Williams deposed two witnesses, Gertrude Friedel, who was a passenger in Williams' car, and Roy Goad, another pedestrian. Williams then moved for summary judgment, filing his own affidavit and the depositions of the two witnesses in support of his motion. The lower court granted the motion and entered judgment absolute in Williams' favor. Hilton would have us reverse the judgment.

The facts which were before the court at the time the motion was granted can be briefly told. On the morning of the accident, Hilton, a man 72 years of age with the mentality of a four year old, was walking in an easterly direction along the sidewalk on the north side of Frederick Avenue in Baltimore City. Williams, with Mrs. Friedel as his passenger, was driving in the center lane of Frederick Avenue's three westbound lanes. According to Williams' affidavit, he was driving at a speed of 25 miles an hour, and had reached a point 40 feet west of the point where Long Island Drive enters Frederick Avenue from the south, when Hilton "suddenly and without warning ran from the north curb of Frederick Avenue towards the south curb directly into the path of [his] automobile."

In her deposition, Mrs. Friedel responded to a question about the speed limit on Frederick Avenue and the speed of Williams' car:

> "I think the speed limit there is about 30. We were only going about, approximately, 25 I would say * * *."

When asked about the scene of the accident, she said:

> "I guess it would be about 45 feet—40 feet—50 feet—something to that effect [west of the point where Long Island Drive enters Frederick Avenue from the south]."

Mrs. Friedel said that she first saw Hilton when he was 15 or 20 feet from Mr. Williams' car, but could not remember whether he was on the curb or in the street.

Roy Goad was walking in a westerly direction on the sidewalk on the north side of Frederick Avenue with a friend who was on his way to school. He was a block or a block and a half away when he first saw Hilton, and about "three or four houses from him" when Hilton was struck. When asked about the scene of the accident, Goad said:

> "Well, that's where it practically all happened, right across from Long Island and Frederick."

Later Goad said it was "further up" Frederick Avenue. When asked about the speed at which the Williams car was travelling, Goad said,

> "His car was going 35-40 miles an hour, the same as most of the cars were going. I mean, he wasn't speeding."

In response to a question about the speed limit, he replied:

> "It's—I am pretty sure it's 45, or 40. I know it isn't too high. Of course, I don't drive myself.[1] I am not sure, really."

Goad was quite positive that Hilton had been hit by the right front of the Williams car; Mrs. Friedel, by the "left fender"; and Williams said in answer to an interrogatory, by the front of the car.

---

[1]. On the admissibility of Goad's testimony as to the exact speed of the Williams car, see *Fowler v. Smith*, 240 Md. 240, 213 A. 2d 549 (1965); *People's Drug Stores v. Windham*, 178 Md. 172, 12 A. 2d 532 (1940).

Maryland Rule 610 a provides:

"In an action, * * * a party against whom a claim is asserted, may at any time make a motion for a summary judgment in his favor as to all or any part of the claim on the ground that *there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.*" (Emphasis supplied.)

In several recent cases, we have had occasion to comment on summary judgment procedure under the Rule. In *Lipscomb v. Hess,* 255 Md. 109, 118, 257 A. 2d 178 (1969), we said:

"The limitations on summary judgment procedure are too well known to require elaboration. It is not a substitute for trial but a hearing to determine whether a trial is necessary, *Whitcomb v. Horman,* 244 Md. 431, 224 A. 2d 120 (1966); *Strickler Engineering Corp. v. Seminar, Inc.,* 210 Md. 93, 122 A. 2d 563 (1956), when there is no genuine controversy, *Pullman Co. v. Ray,* 201 Md. 268, 94 A. 2d 266 (1953). The purpose of the hearing is not to determine disputed facts, but to determine whether such issues exist. *Horst v. Kraft,* 247 Md. 455, 231 A. 2d 674 (1967); *Carroccio v. Thorpe,* 222 Md. 38, 158 A. 2d 660 (1960); *Tellez v. Canton R.R. Co.,* 212 Md. 423, 129 A. 2d 809 (1957); *White v. Friel,* 210 Md. 274, 123 A. 2d 303 (1956). If facts are susceptible of more than one inference, the inferences must be drawn in the light most favorable to the person against whom the motion is made, *Lawless v. Merrick,* 227 Md. 65, 175 A. 2d 27 (1961), and in the light least favorable to the movant, *Howard Cleaners of Baltimore, Inc. v. Perman,* 227 Md. 291, 176 A. 2d 235 (1961); *Roland v. Lloyd E. Mitchell, Inc.,* 221 Md. 11, 155 A. 2d 691 (1959)."

See also, *Jordan v. Malloy,* 255 Md. 473, 258 A. 2d 182 (1969) ; *McDonald v. Burgess,* 254 Md. 452, 255 A. 2d 299 (1969) and *Dudley v. Montgomery Ward & Co.,* 255 Md. 247, 257 A. 2d 437 (1969) where a summary judgment in favor of the plaintiff was reversed and judgment was entered in favor of the defendant by this Court despite the fact that the summary judgment rules had not been complied with by the defendant.

As the case stood when the motion for summary judgment was considered, there was a dispute as to at least four facts :

   (i)  The speed limit on Frederick Avenue ;

   (ii)  The speed at which the Williams car was travelling ;

   (iii)  The exact place where Hilton was struck ;

   (iv)  What part of the Williams car struck Hilton.

It is quite apparent that the speed limit and the speed of the car were material, so that it is unnecessary to consider the materiality of the other issues. Whether Williams was driving his car at a speed which was excessive under the circumstances, Maryland Code (1957, 1967 Repl. Vol.) Art. 66½ § 211 (a), or exceeding the speed limit, Code, Art. 66½ § 211 (c), were questions to be determined by the trier of facts :

> "[T]he violation of a statutory regulation is evidence of negligence, and if such violation causes or contributes to the injuries complained of it constitutes negligence * * *." *Ford v. Bradford,* 213 Md. 534, 541, 132 A. 2d 488 (1957).

To the same effect are *Khoyan v. Turner,* 255 Md. 144, 147, 257 A. 2d 219 (1969) ; *Alston v. Forsythe,* 226 Md. 121, 172 A. 2d 474 (1961) ; *Reid v. Humphreys,* 210 Md. 178, 122 A. 2d 756 (1956).

Because the testimony adduced by Williams regarding speed and the speed limit was clearly conflicting, the motion for summary judgment should not have been granted.

It is unnecessary to reach the other questions raised by the parties.

*Judgment reversed, case remanded for further proceedings, costs to abide the result.*