## WOLFE ET AL., ETC. *v.* LAMAR & WALLACE, INC.

[No. 299, September Term, 1970.]

*Decided March 3, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*James J. Cromwell,* with whom were *Courtland K. Townsend, Jr., James L. Baer* and *Clark & Cromwell* on the brief, for appellants.

*Robert L. Hillyard,* with whom was *John F. Hillyard* on the brief, for appellee.

MCWILLIAMS, J., delivered the opinion of the Court.

In respect of pleading and practice this record contains a few flirts and flourishes we are content to ignore since the crucial issue concerns the adequacy vel non of the appellee's affidavit of defense. The learned trial judge, Pugh, J., thought it did not measure up. Since we disagree the summary judgment will be vacated and the case will be remanded.

On 10 February 1970 the appellee sued the appellants in the Circuit Court for Montgomery County. Its declaration, in addition to three of the common counts, alleged

"That between September 29, 1967 and December 1, 1967, the Plaintiff did furnish certain services and materials to the Defendants at the request of the Defendants as per Statement of

Account attached hereto and prayed to be taken as part hereof; that Plaintiff has made demand for payment of same but despite said demands there remains an unpaid balance for goods and services due to Plaintiff from the Defendants."

The affidavit in support of its motion for summary judgment states as follows:

"That between September 29, 1967 and December 1, 1967, the Plaintiff did furnish services and materials to the Defendants at their request and despite the demands of the Plaintiff there remains an unpaid balance due from the Defendants to the Plaintiff in the amount of Two Thousand seven hundred eighty-one Dollars and sixty-five cents ($2,781.65) plus interest from December 1, 1967.

"Your affiant avers that he is competent to be a witness and that he has personal knowledge of the facts herein stated and has authority to make this Affidavit."

The appellants' affidavit of defense is as follows:

"I hereby certify that * * * Arnold D. Wolfe and Ira Gerald Ginsburg made oath in due form of law as follows:

"That they are the Defendants in the above-captioned case and each makes this Affidavit on his own personal knowledge and is competent to testify to the facts herein contained; at all times during the dates alleged by Plaintiff, namely, September, 1967, through December, 1967, Defendants did business as Wolfe-Ginsburg Const., Inc., a Maryland corporation, the effective date of which corporation was August 31, 1967; that at no time during those said dates did the Defendants or either of them do business as individuals nor did they hold themselves out to Plaintiff as such; that the construction jobs

whereat materials were delivered by Plaintiff to Defendants were marked with a sign 'Wolfe-Ginsburg Const., Inc.' which sign was located in a conspicuous place which was constructive notice that Defendants were operating as a corporation and not as individuals and was further actual notice to the Plaintiff in this case who delivered materials to the job where the sign was observed; Plaintiff further exhibits in its statement of account that a payment was made of Two Hundred Thirty Seven and 31/100 Dollars ($237.31) and a copy of the check representing that payment is filed herewith as 'Movants Exhibit A' showing that payment was made through the corporate account which was further notice to Plaintiff that the account it had provided and upon which it has brought suit herein was a corporate account; furthermore, neither Defendant, individually or jointly, by his conduct or words, has given any basis, expressed or implied, upon which Plaintiff could presume that they had assumed any individual liability for the materials supplied or services rendered as set forth in this case.

ARNOLD D. WOLFE,<br>
IRA GERALD GINSBURG."

The standards to be applied in reviewing summary judgment procedure are well settled. They were succinctly stated in *Strickler Engineering Corp. v. Seminar, Inc.*, 210 Md. 93, 100 (1956):

"Summary Judgment Rule 4(a) [now Rule 610 d 1] requires that: 'The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law.' If the affidavit filed or other evidence

shows a genuine conflict, the court should deny the motion. The court does not attempt to decide any issue of fact or of credibility, but only whether such issues exist. This procedure is not a substitute for a trial but merely a hearing to decide whether a trial is necessary. The party opposing the motion must show by facts, which would be admissible in evidence, that there is real dispute between the parties. The rule is one whereby the court may summarily determine whether or not there is a *bona fide* issue between the parties. A determination by the court that such an issue is presented requires the denial of the motion for Summary Judgment and a trial of the issues by the jury or court at the election of either party. *Frush v. Brooks,* 204 Md. 315, 104 A. 2d 624; *Nardo v. Favazza,* 206 Md. 122, 110 A. 2d 676. The question therefore before us is whether the judgment should have been granted as a matter of law."

For recent restatements of what was said in *Strickler,* see *Brown v. Suburban Cadillac, Inc.,* 260 Md. 251 (1971); *Hilton v. Williams,* 258 Md. 285 (1970); *Ford v. Loret,* 258 Md. 110 (1970); *Khoyan v. Turner,* 255 Md. 144 (1969).

We think the appellants' affidavit presents a genuine dispute in respect of a fact which is not only material but which seems to go to the very heart of the matter. They deny having done any business with the appellee as individuals. They state that appellee delivered its materials to "Wolfe-Ginsburg Const., Inc." and that the appellee had constructive, if not actual, notice that appellants were doing business as a corporation.

Our decision in *White v. Friel,* 210 Md. 274 (1956), is enough like the case at bar to shed some light on the question before us. There the Friel Lumber Company sued White and his wife for materials furnished in connection with the repair of some buildings on their property.

The Whites denied ordering the materials and pointed to the "E. J. White Engineering Corp." as the real debtor. The Whites and their son were the sole owners of the corporation. We vacated the summary judgment entered by the trial judge and remanded the case for trial. Chief Judge Brune, who wrote for the Court, said:

> "It is perfectly true that the Corporation could have acted as agent for both the husband and the wife and that an agency might be inferred. * * * Ordinarily, however, *such a question is one for the determination by the jury.*" *Id.* at 283. (Emphasis added.)

*See also Wheaton Lumber Co. v. Metz,* 229 Md. 78 (1962) ; *Houston v. Monumental Radio, Inc.,* 158 Md. 292 (1930) ; *PAC Construction Co. v. New York Factors, Inc.,* 191 F. Supp. 643 (W.D. Pa. 1961) ; 3 Am.Jur.2d, *Agency* § 360 (1962).

Since, in our judgment, a genuine dispute of a material fact was presented the judgment will be reversed and the case remanded.

> *Judgment reversed.*
> *Case remanded.*
> *Costs to be paid by the appel-*
> *lee.*