NATHAN MARKOWSKY *v.* WILLIAM SMITH

[No. 611, September Term, 1976.]

*Decided February 10, 1977.*

The cause was argued before THOMPSON, MOYLAN and POWERS, JJ.

*William S. Barton,* with whom were *George L. Huber, Jr.* and *Arnold, Beauchemin & Huber, P.A.* on the brief, for appellant.

No appearance for appellee.

POWERS, J., delivered the opinion of the Court.

Appellant here, Nathan Markowsky, was sued in the Superior Court of Baltimore City by William Smith, appellee, for damages alleged to have been sustained by Smith when their two automobiles collided on Washington Boulevard in Baltimore on 21 November 1974.

In a deposition taken while the case was pending, Smith described how the collision occurred. He said that he was driving a taxicab east on Washington Boulevard, when he decided to turn around to head west, to look for a fare. He made a right turn off of Washington Boulevard into "a large yard for parking trucks", and turned around. He came back out onto Washington Boulevard, intending to make a left turn and head west. He was facing north, with his cab a little over halfway across the center line when Markowsky's car, going east, hit the left side of the cab. He said the

damage on his cab was at the front left door and rear side post.[1]

On 2 December 1975 Markowsky filed a motion for summary judgment, supported by appropriate excerpts from Smith's deposition, and a memorandum of points and authorities. He requested a hearing on his motion. Smith filed nothing responsive to or in opposition to the motion for summary judgment. His counsel appeared for argument of the motion, held before Judge Shirley B. Jones on 29 January 1976. Judge Jones granted the motion, and on 2 February 1976 entered judgment for costs in favor of the defendant.

Eighty-four days after the judgment absolute for the defendant had been entered, Smith filed, on 26 April 1976, pursuant to Maryland Rule 625, a motion to set aside the judgment. As the ground of his motion he alleged fraud. He alleged (correctly, this time) that Markowsky was travelling east, but was in a westbound lane; that Markowsky had known that fact since the date of the accident, and had not openly revealed it; and had thus committed a fraud upon the court.

Then, to the utter mystification of this Court, Smith proceeded to allege in his motion that only after the summary judgment was granted did he learn the true facts in the case, which, if known earlier, would have precluded the summary judgment. As if it were not enough for a driver involved in a motor vehicle collision to allege that he did not know the true facts for some 15 to 17 months after the collision, Smith filed with his motion an affidavit in which he set out his version of the facts and made oath that he had personal knowledge of those facts. Obviously, personal knowledge could come only from observation at the time.

An answer was filed by Markowsky to the motion to set aside the judgment. A memorandum supporting the answer

---

1. Possibly because of an erroneous police report, later clarified, Smith's declaration transposed the roles of the two vehicles.

was filed. The motion was heard before Judge Jones on 1 July 1976. On 6 July she filed this ruling:

> "There is no evidence of fraud as plaintiff asserts in his motion to set aside the summary judgment of February 2, 1976. It does, however, appear to this court that a mistake was made in granting the judgment in that there is an issue of material fact in dispute which was not brought to the attention of the court at the hearing on said motion. Under the circumstances judgment of February 2, 1976 in favor of the defendant is hereby stricken and the case will proceed to trial."

The docket entry shows the judgment stricken. Markowsky appealed, and argues here that the court erred in striking the judgment.

If the order was not appealable, we lack the power to entertain the issue. It is clear under the authorities, however, that the order is final, and therefore appealable. Code, Courts Art., § 12-301. In *Ventresca v. Weaver Brothers*, 266 Md. 398, 292 A. 2d 656 (1972), the Court of Appeals declined to dismiss an appeal from an order setting aside an enrolled judgment, as not final, and therefore not appealable. The Court said, at 403:

> "Thus, since the order appealed from vacated an enrolled judgment, appellee's contention is controlled by *Mutual Benefit Society of Baltimore, Inc. v. Haywood*, 257 Md. 538, 263 A. 2d 868 (1970), where, in holding that 'an order striking out a judgment more than thirty days after entry is in the nature of a final order appealable to this Court,' we cited with approval *Gay Investment Co. v. Angster*, 231 Md. 318, 322, 190 A. 2d 95 (1963), and *Williams v. Snyder, Adm'r*, 221 Md. 262, 267-68, 155 A. 2d 904 (1959). Those decisions and other authorities cited in *Williams*, make it clear that one obtaining an enrolled judgment acquires a substantial right which, if divested by an order setting it aside, confers an immediate right of

appeal to this Court. Having obtained an enrollment of their judgment by the expiration of 30 days following the order making the judgment final pursuant to Rule 605 a, the appellants acquired an immediate right of appeal to this Court."

Maryland Rule 625 a provides, in part, that on a motion filed after the expiration of 30 days after the entry of a judgment, "the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity." As the Court of Appeals said in *Ventresca, supra,* at 403-04:

"As a result of a host of decisions too numerous to list completely here, it is now axiomatic that the power of the court to revise and control an enrolled judgment is no longer discretionary. * * *.

"From numerous decisions applying Rule 625 a, there have also emerged the requirements that, in addition to proving 'fraud, mistake or irregularity,' one seeking to set aside an enrolled judgment must also establish that he is acting in good faith, with ordinary diligence, and that he has a meritorious defense."

There was no assertion of irregularity. The lower court rejected the claim of fraud. This leaves mistake as the only ground to be considered. If a mistake was made in granting the judgment, whose mistake was it? The record discloses no mistake by the court in entering the summary judgment, but even if the court had erred, such error is not a mistake under Rule 625 a. In *Rhodes Co. v. Blue Ridge Co.,* 218 Md. 329, 146 A. 2d 771 (1958), the Court of Appeals, in reversing an order striking out an enrolled summary judgment, said, at 331:

"There is no doubt that after the judgment became enrolled thirty days after its entry, the court was without authority to set it aside unless the court, upon a *proper* motion, was satisfied that entry of the judgment had been procured by fraud or was

entered by mistake or because of some irregularity, of which there was no proof in this instance. Even if we assume, without so holding, that the court was in error in deciding the motion for summary judgment in favor of Rhodes, such error would not constitute such a mistake as is contemplated by the rule."

Just as it is the obligation of a party to present his facts to the court or jury at a trial, it is equally his obligation to place before the court in summary judgment proceedings, sufficient facts in the required evidentiary form, to raise a genuine dispute of a material fact, or to show that there is no such dispute. What all parties thus submit to the court becomes the body of evidence from which the court determines whether a trial is necessary.

We discussed the summary judgment procedure, under Maryland Rule 610, in *Vanhook v. Merchants Mut. Ins. Co.*, 22 Md. App. 22, 321 A. 2d 540 (1974). We commented, at 25:

"It has been said repeatedly that the procedure is not a substitute for a trial, but a means by which the court may determine, summarily, whether a trial is necessary."

We said that there are two questions before the court on motion for summary judgment:

"(a) was there a genuine dispute as to any material fact, and

(b) if not, were the undisputed facts such as to entitle any party to judgment." At 25.

In *Vanhook, supra,* we pointed out further, at 26:

"Each opposing party is given ample opportunity to place before the court facts which, on the one hand, show that he is entitled as a matter of law to the ruling he seeks, or, on the other hand, show that a fact, material to the opponent's position, is disputed."

We listed some of the ways to place facts before the court as by affidavit, deposition, answers to interrogatories,

admission of facts, and stipulation or concession, as well as by pleadings, insofar as the pleadings frame the issues, or result in admissions.

If Smith had been able to show that any material fact relied upon by Markowsky was in dispute, he failed to avail himself of that opportunity. He limited himself to the sufficiency of Markowsky's facts to support the motion for summary judgment. We read the ruling appealed from as suggesting that the mistake was made by Smith, in failing to bring to the court's attention, an issue of material fact in dispute. We now consider whether that failure was a mistake as contemplated by Rule 625.

Judge Smith, writing for the Court of Appeals in *Hughes v. Beltway Homes, Inc.*, 276 Md. 382, 347 A. 2d 837 (1975), said, at 386-87:

> "We do not appear to have defined the term 'mistake' as used in Rule 625, although in some cases we seem to have equated that term with 'irregularity.' We have said that the term 'mistake' as used in this rule is not applicable to an enrolled decree in a mechanics' lien foreclosure case making reference to the wrong lot, *Brunecz v. DiLeo*, 263 Md. 481, 483, 283 A. 2d 606 (1971); to the mistaken belief of out-of-state counsel that the Maryland procedure relative to attachment was similar to that in his state, which belief brought about a judgment by default, *Penn Central Co. v. Buffalo Spring*, 260 Md. 576, 581, 273 A. 2d 97 (1971); to the negligence or mistake of the agents and counsel of a complaining party, *Wooddy v. Wooddy*, 256 Md. 440, 453, 261 A. 2d 486 (1970); to failure to attach a ledger card to an affidavit with a motion for summary judgment or the failure of counsel to file an appropriate pleading prior to the expiration of the time specified by rule, *Household Fin. Corp. v. Taylor*, 254 Md. 349, 356, 254 A. 2d 687 (1969); to a finding that a judgment by default was based upon vouchers, some of which were in the name of the defendant, some in the name of a corporation, and

some in the name of another person, *Berwyn Fuel & Feed Co. v. Kolb*, 249 Md. 475, 478-79, 240 A. 2d 239 (1968); to a mistaken determination that summary judgment should be entered against a defendant, *Rhodes Co. v. Blue Ridge Co.*, 218 Md. 329, 331, 146 A. 2d 771 (1958); or to a failure by parties defendant to inform their attorneys of the defenses that they had, *Thomas v. Hopkins*, 209 Md. 321, 326-27, 121 A. 2d 192 (1956). The type of situation in which mistake might be applicable is demonstrated by *Miles v. Hamilton*, 269 Md. 708, 309 A. 2d 631 (1973), (no valid service of process) and *Ashe v. Spears*, 263 Md. 622, 284 A. 2d 207 (1971), *cert. denied*, 406 U. S. 958 (1972), (a contention of no valid service of process). It is further demonstrated by two cases arising before adoption of Rule 625, *Harvey v. Slacum*, 181 Md. 206, 210-11, 29 A. 2d 276 (1942), (default judgment entered where there had been no valid service of process), and *May v. Wolvington*, 69 Md. 117, 14 A. 706 (1888), (judgment by default entered for lack of a plea when appropriate pleading had in fact been filed)."

See also *Tasea Investment Corp. v. Dale*, 222 Md. 474, 160 A. 2d 920 (1960), and *Pumphrey v. Grapes*, 215 Md. 573, 138 A. 2d 916 (1958).

If the appellee or his counsel made a mistake, which we do not suggest, it was not such a mistake as to entitle him to relief under Rule 625. Moreover, while there is nothing to indicate a lack of good faith in appellee's conduct of the case, we see no merit to his position on the facts, and no showing that he acted with ordinary diligence.

We hold that the lower court erred in striking the enrolled judgment. The order appealed from will be reversed and the stricken judgment will be reinstated.

*Order striking judgment reversed.*
*Judgment in favor of appellant reinstated.*
*Appellee to pay costs.*