HOWARD T. MALONEY *v.* CARLING NATIONAL
BREWERIES, INC. ET AL.

[No. 126, September Term, 1982.]

*Decided October 7, 1982.*

The cause was argued before GILBERT, C. J., and MOORE
and GARRITY, JJ.

*Jerome T. Lambdin,* with whom was *Charles E. Chlan* on the brief, for appellant.

*Mark D. Gately,* with whom were *John S. Hebb, III,* and *Miles & Stockbridge* on the brief, for appellees.

GILBERT, C. J., delivered the opinion of the Court.

Howard T. Maloney was injured in a job-related accident on December 8, 1978. At that time, a "full keg" of beer "slipped and fell onto his left arm, injuring the left arm, forearm and hand." Maloney was off from work for slightly less than four months. A Workmen's Compensation claim was filed and Maloney was paid temporary total disability through April 1, 1979.

The Commission, in February 1980, held a hearing as to the "nature and extent of disability" sustained by Maloney.

At a hearing, Maloney's counsel, in response to the Commissioner's question as to "[w]hat area of the body" was injured, said "left forearm and hand." When Maloney was asked by the Commissioner, "where was the pain," he answered "Pain's [sic] in through here and across the bottom part of the elbow. Muscles were all pulled."

The medical report of Dr. Karl F. Mech, Maloney's orthopedic specialist contained a statement that the claimant had sustained "a severe disability of approximately 33⅓% loss of use of the left forearm and hand."

The Commission handed down its award on March 11, 1980. It found that Maloney "sustained a permanent partial disability under 'Other Cases' amounting to 30% industrial loss of use of his body as a result of the injuries to the left forearm, hand and arm." Compensation of a sum "not to exceed $10,200" payable at the rate of $68 per week was ordered.

Carling National Breweries, Inc., Maloney's employer and Royal Indemnity Company, its insurer (hereinafter referred to collectively as Carling) appealed to the Circuit Court for

Anne Arundel County.[1] At the request of Maloney, the case was transferred to the Circuit Court for Baltimore County.[2]

Carling filed a motion for summary judgment asserting that there was not one shred of testimony to justify the Commission's finding of an injury under the "Other Cases" section of the Md. Ann. Code art. 101, § 36 (4), and suggesting that *Smith v. Pyles*, 20 Md. App. 478, 316 A.2d 326 (1973), which dealt with a specific injury under section 36 (3) (b), was dispositive of the matter.

The specific injuries section of the code, pertinent here, provides that in the event of total loss of a hand the injured employee will receive compensation at the rate of 66⅔% of his average weekly wages, subject to the State average weekly wage provision, for a period of "two hundred and fifty weeks." Less than total loss of the hand or less than total loss of the use of the hand is apportioned, and the award is based on the percentage of loss of use.

The "Other Cases" section of the Workmen's Compensation statute provides that cases of disability other than those enumerated in the specific injuries section of the code shall be determined on the basis of the "portion or percentage . . . [of] the industrial use of the employee's body . . . impaired as a result of the injury."

When the Commission considers the impairment for the purpose of determining the industrial loss, it is charged with the duty of taking into consideration, "among other things, the nature of the physical injury, the occupation, experience, training and age of the injured employee at the time of the injury." Any award is "in such proportion as the determined loss bears to 500 weeks of compensation." Thus, in the instant case, an award under the "Other Cases" section of

---

1. Md. Ann. Code art. 101, § 56a provides that an appeal may be taken to the "circuit court of the county . . . having jurisdiction over the place where the accident occurred or over the person appealing from such decision. . . ." Maloney resided in Baltimore County, the injury occurred in Baltimore City. The appeal to the Circuit Court for Anne Arundel County was incorrect.

2. *See* n. 1.

Article 101 may be as much as twice the total loss or loss of use of a hand.

Maloney argued to the hearing court that the evidence supported the Commission's findings. Additionally he asked that the judge assess a penalty against Carling for failure to pay "compensation . . . by the thirty-first day after the order was issued or the payment was due, whichever is later. . . ." Md. Ann. Code art. 101, § 36 (13).

The hearing judge refused to impose a penalty on Carling. He did, however, observe that the compensation award on "the facts before the Court [should be] thirty-three and one-third of the left hand." He noted that there was "no evidence that there is an injury above the elbow [so as] to make it the arm." The judge opined that there was "no evidence before me saying that . . . [the injury] affected the shoulder" and, thus, place the case within the ambit of the "Other Cases" section of the act.[3]

The Court then concluded that the case was "[r]emanded to Workmen's Compensation for determination, nature and extent of the [injury to the] claimant's left hand, and not [to] his body as a whole. . . ."

On appeal to this Court, Maloney contends that the hearing judge erred in: 1) granting summary judgment, and 2) "refusing to order the . . . [appellees] to pay [the compensation award] pursuant to a valid Workmen's Compensation order."

1.

Md. Rule 610 a 1 provides that a summary judgment as a matter of law may be entered for or against a party whenever "there is no genuine dispute as to any material fact." The summary judgment procedure may not, however, be used as a substitute for trial. Cases so holding are legion. *See e.g., Coffey v. Derby Steel Co.,* 291 Md. 241, 434 A.2d 564

---

**3.** Since there was no testimony taken before the court, it is obvious that the hearing judge was referring to the transcript of testimony before the Commission.

(1981); *Metropolitan Mortgage Fund, Inc. v. Basiliko,* 288 Md. 25, 415 A.2d 582 (1980); *Peck v. Baltimore County,* 286 Md. 368, 410 A.2d 7 (1979); *Washington Homes, Inc. v. Interstate Land Development Co.,* 281 Md. 712, 382 A.2d 555 (1978); *Wolfe v. Lamar & Wallace, Inc.,* 261 Md. 174, 274 A.2d 121 (1971); *Pullman Co. v. Ray,* 201 Md. 268, 94 A.2d 266 (1953); *Egypt Farms v. Lepley,* 49 Md. App. 171, 430 A.2d 122 (1981); *Barb v. Wallace,* 45 Md. App. 271, 412 A.2d 1314 (1980); *Markowsky v. Smith,* 35 Md. App. 74, 368 A.2d 1028 (1977); *Hill v. Lewis,* 21 Md. App. 121, 318 A.2d 850 (1974); *Knisley v. Keller,* 11 Md. App. 269, 273 A.2d 624 (1971), and the summary judgment rules "apply to Workmen's Compensation appeals." *Egypt Farms v. Lepley, supra.*

The Court of Appeals, in *Peck v. Baltimore County,* 286 Md. at 381, said:

"We have said many times that the function of a summary judgment proceeding is not to try the case or to attempt to resolve factual issues, but to ascertain whether there is a dispute as to a material fact sufficient to provide an issue to be tried. . . . Moreover, all inferences must be resolved against the moving party when a determination is made as to whether a factual dispute exists, even if the underlying facts are undisputed. . . . Also, [*citing Fenwick Motor Co. v. Fenwick,* 258 Md. 134, 138, 265 A.2d 256 (1970)], '[E]ven where the underlying facts are undisputed, if those facts are susceptible of more than one permissible inference, the choice between those inferences should not be made as a matter of law, but should be submitted to the trier of fact.' "

Our review of the transcript of the proceeding before the Commission discloses that Maloney testified, as above quoted, that, "Pain's [sic] in through here and across the bottom part of the elbow. Muscles were all pulled." One would have to be clairvoyant to determine from the cold word of the transcript in just which part of the body the pain

occurred. While we can visualize Maloney's sweep of a hand across part of his body when testifying before the Commission, the transcript, however, does not indicate with any degree of certainty just exactly what part of his anatomy is included in "through here." Even if the reader were to infer from the additional words, "and across the bottom part of the elbow," that Maloney meant the forearm and hand, that inference is made less than clear by Maloney's other testimony. He said, "I have extreme difficulty trying to pick up keg or — bottle, trouble (comment of the Commission here omitted) putting kegs on hand truck and bottle truck. *I can't go up steps. My arm goes out on me. I cannot bring them up and work a keg truck.* I can't lift the keg by myself." (Emphasis supplied.)

It may be that it was that testimony and gesticulation that led the Commission to conclude that Maloney had sustained a loss of use of his body under "Other Cases," section 36 (4) (a), rather than a specific injury under section 36 (3) (b).

In any event, we think that the facts of this case are susceptible of more than one inference. The hearing judge obviously drew the inferences that Maloney's testimony referred to the forearm or hand, and possibly that Dr. Mech's report was controlling. Although either of those two inferences may be drawn from the record, it was equally permissible for the hearing judge to have inferred that Maloney was referring to more than his forearm and hand when he gestured and testified that the pain went, "through here and across the bottom of the elbow." Such an inference is particularly permissible when the evidence is considered in the light of Maloney's description of his difficulty in handling kegs and bottles and going "up steps." *Peck* and *Honaker v. W.C. & A.N. Miller Development Co.,* 285 Md. 216, 401 A.2d 1013 (1979), dictates that "all inferences must be resolved against the moving party when a determination is made as to whether a factual dispute exists, even if the underlying facts are undisputed." *See Peck v. Baltimore County,* 286 Md. at 381.

*Smith v. Pyles, supra,* relied upon by Carling is

inapposite. In *Smith* the testimony was clear and gave rise to but one conclusion. No hazy areas existed as to the facts. A "hip" was fractured, the "hip" was repaired, and there was permanent damage to the "hip." There was no ambiguity in the testimony as there is in the instant case. Because the evidence in *Smith* permitted but one inference, we affirmed a summary judgment. At the expense of repetition, we say again that the testimony in the case now before us permits more than one inference, and, thus, the case is an inappropriate one for the entry of summary judgment.

Applying the clear command of *Peck* and *Honaker* to the instant case, we hold that the hearing judge erred in granting summary judgment in favor of the appellees.

We express no opinion as to whether the Commission properly decided Maloney's case under the "Other Cases" provision of Md. Ann. Code art. 101, § 36 (4), *but see* 11 Schneider, *Workmen's Compensation* (Perm. Ed.) § 2311, wherein it is said that, "the question of when a specific injury becomes an 'other injuries' [case] type often presents a shadowy line of demarcation and calls for the wise discretion of the . . . Commission . . . in the light of substantial facts in evidence."

Schneider goes on to state in section 2318 that "[u]sually multiple injuries will be considered to affect the body of the employee as a whole, or a member as a unit, and so such multiple injuries are generally rated under the catchall, or other cases, provisions. The exceptions are so numerous that it is difficult to say which is the general rule." *See also Department of Correction v. Johnson*, 222 Md. 139, 159 A.2d 658 (1960).

2.

The second issue raised by Maloney was correctly decided by the hearing judge. The statute provides:

"If the Commission finds that any compensation payment awarded pursuant to this article has not been paid, through the fault of the insurer or

self-insurer, by the thirty-first day after the order therefor was issued or the payment was due, whichever is later, the Commission shall assess against the insurer or self-insurer a fine not to exceed 20 percent of the amount of the payment, which fine shall be remitted to the claimant." Md. Ann. Code art. 101, § 36 (13).

The statute contemplates that relief under section 36 (13) must be sought before the Commission initially. Maloney apparently did not petition the Commission for relief until after the appeal to the circuit court was noted. He raised the issue almost as a postscript in the summary judgment hearing. We think the hearing judge properly declined to rule upon the matter in the first instance.[4]

> *Judgment reversed.*
> *Case remanded for further pro-*
>   *ceedings.*
> *Costs to be paid by appellees.*

---

4. An award of compensation may be enforced by resort to the law courts. *See* M. J. Pressman, *Workmen's Compensation in Maryland,* (1970) § 4-19.