AUTOMOBILE LEASING & RENTAL, INC., DBA AMERICAR RENTAL SYSTEMS, APPELLANT, v. VIRGINIA THOMAS, RESPONDENT.

No. 14474

April 25, 1984                                   679 P.2d 1269

*Carelli & Miller,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy & Jemison,* and *B. Alan McKissick,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment in favor of a car rental customer against the rental agency. The controversy turns on a reading of the rental contract as it relates to liability for damage to the rented car resulting from a collision.

Appellant, American Rental Systems, claims that Thomas is responsible under the contract for damage caused to the rental vehicle by her negligence. Thomas claims that as a matter of law the contract relieves her of any liability for damage to the vehicle.

In August of 1981, Virginia Thomas traveled to Las Vegas, Nevada on vacation from Hattesburg, Mississippi. While in Las Vegas Thomas rented a Ford LTD automobile from Americar. The lease agreement that Thomas signed provided the renter with the option of purchasing a collision damage waiver provision by which the lessor would waive all liability claims against the renter provided that the car was "used in conformity with [the] rental agreement." Thomas purchased this option and was subsequently involved in an accident when her car was struck from behind while making a left turn. Thomas was cited for making a turn from an improper position.

Americar's main argument is that the waiver of claims for collision is not operative because Thomas did not use it "in conformity with rental agreement." On the reverse side of the lease the agreement provides that the vehicle must be returned "in the same condition as when received" and that it should not be used in an "unlawful manner." Since the damaged vehicle was obviously not returned in its original condition and since Thomas was cited for violating a turn ordinance, Americar contends that Thomas' rental use was not in conformity with the agreement, thereby nullifying the collision damage waiver. We find these contentions to be strained and rule that the district court was correct in deciding as a matter of law that Thomas was entitled to the benefits of the waiver.

Americar's position is that the "unlawful manner" language should be read to mean that a renter is responsible for negligently caused damage to the vehicle and that the waiver provision does not apply under such circumstances. Under this narrow interpretation, waiver of damage claims by Americar would be in effect only when damage was caused by the fault of one other than the renter.

To argue that the collision damage waiver is null when the vehicle is operated negligently is to read a very material limitation into the waiver agreement which is neither apparent from the face of the agreement nor from a simple reading of the reverse side. The renter is never informed in clear unambiguous language that, as claimed by Americar, he or she is absolutely liable for any damage to the vehicle or that the waiver option only provides protection when the harm is caused by another.

Contrary to Americar's argument, an ordinary reader of the waiver provision would be misled into believing that collision damage was indeed waived in virtually all cases, including cases involving the renter's negligent operation of the vehicle. *See* Elliott Leases Cars, Inc. v. Quigley, 373 A.2d 810, 812 (R.I. 1977): "The test to be applied is not what the insurer intended by his words, but what the ordinary reader and purchaser would have understood them to mean."

Although *Quigley* concerned collision insurance and not a collision waiver claim, the following language is apropos:

> The ordinary reader would not assume that an unqualified promise of this nature only covered accidents not caused by the negligence of the operator of the automobile. Indeed just the opposite is true. Collision insurance is generally understood to cover whatever accidents occur, regardless of the negligence of the operator. An exclusion which limits coverage to non-negligent accidents significantly reduces the scope of insurance. Not only does it reduce the total number of accidents covered, but it eliminates coverage in precisely those cases in which it is most needed—that is, where there may be no negligent tortfeasor from whom the insured may recover.

373 A.2d at 812.

The collision damage waiver clause effectively waives any claims by Americar against Thomas for collision damage—all collision damage; therefore, the district court's summary judgment was proper and is affirmed.