## GROVER CLEVELAND FISHER
### v. O'CONNOR'S, INC.

[No. 477, September Term, 1982.]

*Decided December 9, 1982.*

The cause was argued before GILBERT, C. J., and BISHOP and ADKINS, JJ.

*Harvey S. Wasserman,* with whom was *Harold Buchman* on the brief, for appellant.

*George M. Church,* with whom were *Whiteford, Taylor, Preston, Trimble & Johnston* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

The body, if not "The Face Upon the [Barroom] Floor," [1] was that of the appellant, Grover Cleveland Fisher. How he got there, and who is responsible for his being on the floor has led to this appeal. Fisher says he was so intoxicated that he fell from a bar stool. As a result of that fall, he fractured his right tibia and fibula. Fisher asseverates that the fractures have "completely crippled" his right leg to the

---

1. With apologies to Hugh Antoine D'Arcy [1843-1925]. *The Face Upon the Floor.*

point that he is "now forced to use a brace and crutches whenever ... [he] attempts to walk." Inasmuch as he believes the bar owner to be responsible for the injuries, Fisher filed suit in the Superior Court of Baltimore City against the bar owner, O'Connor's, Inc.

In his declaration, Fisher alleged that the owner sold or furnished "liquor" to him, knowing that he "was already in an obviously intoxicated condition." The intoxication caused Fisher to be injured because it led to his foot becoming "entangled" on the "ring around the bottom" of the bar stool and, thus, precipitated his fall to the floor.

O'Connor's joined issue. After the usual exchange of interrogatories, under Md. Rule 417, O'Connor's moved for Summary Judgment. Md. Rule 610. The hearing court ruled:

> "[O'Connor's] Motion for Summary Judgment granted. *Cf., Felder v. Butler,* [292 Md. 174, 438 A.2d 494 (1981)]. . . . Moreover, voluntary intoxication would amount to contributory negligence as a matter of law.
>
> This appears to be an open question in Maryland.
>
> Judgment for . . . [O'Connor's] with costs."

Fisher, in this Court, raises two issues for our consideration:

1. May the patron of a tavern maintain an action against the tavern owner for injuries sustained by the patron as a result of the owner's continuing to serve the patron, notwithstanding the obvious intoxication of the patron?
2. If the answer to the above issue is in the affirmative, does the patron's intoxication, as a matter of law, constitute contributory negligence?

At the outset we note that neither *Felder v. Butler, supra,* nor *State v. Hatfield,* 197 Md. 249, 78 A.2d 754 (1951), which apparently sired *Felder* is on point. Those cases held that the owner of a bar or tavern is not liable to third persons because

of the owner's having served intoxicating beverages to the party who caused injury to the third person. *Felder* and *Hatfield* specifically reject the concept expounded in other jurisdictions that a tavern owner may be liable to "a party injured as a result of negligent acts of a patron of the tavern to whom alcoholic beverages were sold while the patron was under the influence of intoxicating liquors." 292 Md. at 178. The Court turned aside the "new trend" that was launched by *Waynick v. Chicago Last Department Store,* 269 F.2d 322 (7th Cir. 1959) and *Rappaport v. Nichols,* 31 N.J. 188, 156 A.2d 1 (1959). The *Waynick* and *Rappaport* Courts held that the sale of alcoholic beverages to "an intoxicated person" was not only an "unreasonable risk of harm" to that person "but also to members of the traveling public [which] may readily be recognized and foreseen." The reasoning of *Waynick* and *Rappaport* is not without considerable support.[2] Notwithstanding that support, *Felder* and *Hatfield* make pellucid that in Maryland, absent a Dram Shop statute that authorizes an action for damages against the owner of a tavern for injuries to third persons caused by the bar owner's intoxicated patrons, no such claim lies. 292 Md. at 174. Maryland's rejection of *Waynick* and *Rappaport* rationale does not stand alone. A number of states share a similar view.[3]

---

2. Ono v. Applegate, 62 Ha. 131, 612 P.2d 533 (1980); Alegria v. Payonk, 101 Idaho 617, 619 P.2d 135 (1980); Sampson v. W. F. Enterprises, Inc., 611 S.W.2d 333 (Mo. App. 1980); Munford, Inc. v. Peterson, 368 So.2d 213 (Miss. 1979); Callan v. O'Neil, 20 Wash. App. 32, 578 P.2d 890 (1978); Lewis v. State, 256 N.W.2d 181 (Iowa 1977); Campbell v. Carpenter, 279 Or. 237, 566 P.2d 893 (1977); Vance v. United States, 355 F. Supp. 756 (D. Alas. 1973); Marusa v. D.C., 484 F.2d 828 (D.C. Cir. 1973); Trail v. Christian, 298 Minn. 101, 213 N.W.2d 618 (1973); Mason v. Roberts, 33 Ohio St. 2d 29, 294 N.E.2d 884 (1973); Vesely v. Sager, 5 Cal.3d 153, 95 Cal. Rptr. 623, 486 P.2d 151 (1971); Deeds v. United States, 306 F.Supp. 348 (D. Mont. 1969); Pike v. George, 434 S.W.2d 626 (Ky. 1968); Adamian v. Three Sons, Inc., 353 Mass. 498, 233 N.E.2d 18 (1968); Elder v. Fisher, 247 Ind. 598, 217 N.E.2d 847 (1966); Berkeley v. Park, 47 Misc. 2d 381, 262 N.Y.S.2d 290 (1965); Jardine v. Upper Darby Lodge No. 1973, Inc., 413 Pa. 626, 198 A.2d 550 (1964); Mitchell v. Ketner, 54 Tenn. App. 656, 393 S.W.2d 755 (1964); Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963); Colligan v. Cousar, 38 Ill. App. 2d 392, 187 N.E.2d 292 (1963). *See also* Annot., 98 A.L.R.3d 1230 (1980); 97 A.L.R.3d 528 (1980).

3. Wright v. Rose Moffitt, t/a Fairways Inn, 437 A.2d 554 (Del. 1981); Lewis v. Wolf, 122 Ariz. 567, 596 P.2d 705 (1979); Marchiondo v. Roper, 90 N.M. 367, 563 P.2d 1160 (1977); Holmes v. Circo, 196 Neb. 496, 244 N.W.2d

Md. Ann. Code art. 2B, § 118 (a), provides in pertinent part:

"(a) ... A licensee under the provisions of this article, or any of his employees, may not sell or furnish any alcoholic beverages at any time to a person ... who, at the time of the sale, or delivery, is visibly under the influence of any alcoholic beverage. Any licensee or any of his employees who is charged with a violation of this subsection shall receive a summons for his appearance in court on a certain day to answer the charges placed against him. The person charged may not be required to post bail bond pending trial in any court of this State. Any person violating any of the provisions of this subsection is guilty of a misdemeanor and upon conviction, suffers the penalties provided by § 200 of this article.[4] ... If any person is found not guilty, or placed on probation without a verdict, of any alleged violation of this subsection, this finding operates as a complete bar to any proceeding by any alcoholic beverage law-enforcement or licensing authorities on account of the alleged violation. ...[5]

As Fisher notes, Maryland has consistently held that a violation of a statutory regulation is *evidence* of negligence, and if the "violation causes or contributes to the injuries complained of, it constitutes negligence." *Ford v. Bradford,*

---

65 (1976); Griffin v. Sebek, 90 S.D. 692, 245 N.W.2d 481 (1976); Hamm v. Carson City Nugget, Inc., 85 Nev. 99, 450 P.2d 358 (1969); Carr v. Turner, 238 Ark. 889, 385 S.W.2d 656 (1965).

4. Md. Ann. Code art. 2B, § 200 provides:

"Any person violating the provisions of this article for which no penalty, other than the suspension or revocation of a license or permit, is provided, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than one thousand dollars ($1,000.00) or to imprisonment for not more than two years in the House of Correction, or jail, or both fined and imprisoned. (An. [sic] Code, 1951, § 188; 1947, ch. 501, § 173.)"

5. Laws 1982, ch. 844 amends § 118 effective January 1, 1983. The amendment is concerned with sale of alcohol to minors and is not here applicable.

213 Md. 534, 541, 132 A.2d 488 (1957). *See also Dean v. Redmiles,* 280 Md. 137, 374 A.2d 329 (1977); *Hilton v. Williams,* 258 Md. 285, 265 A.2d 746 (1970); *Alston v. Forsythe,* 226 Md. 121, 172 A.2d 474 (1961); *Fouche v. Masters,* 47 Md. App. 11, 420 A.2d 1279 (1981).

Each of the cited cases in which that principle of law is iterated involved a motor vehicle tort. Patently, violation of a statute concerning the "rules of the road" may be evidence of negligence, and if the violation caused or contributed to the injuries, it constitutes negligence. *Alston v. Forsythe,* 226 Md. at 130. The precept of law that "violation of a statute is evidence of negligence" is a rule of evidence not the creation of a substantive cause of action.

At common law there was no liability on the part of bar or tavern owners for injuries sustained by a person to whom the bar or tavern owner sold intoxicating beverages. *State v. Hatfield,* 197 Md. at 255. *See also Seibel v. Leach,* 233 Wis. 66, 288 N.W. 774 (1939); *Note, Liability of Tavernkeeper for Subsequent Act of Intoxicated Patron,* XIV U. Md. L. Rev. 161 (1954). "Under the common law, it is not an actionable wrong either to sell or to give intoxicating liquors to an able-bodied man." *Seibel v. Leach,* 197 Md. at 255. Thus, if a cause of action may be brought against a bar or tavern owner by a patron who is injured as a result of his own intoxication, that cause must arise from an act of the Legislature.

The only statute of the General Assembly concerning the sale of alcoholic beverage to intoxicated persons is codified as Md. Ann. Code art. 2B, § 118. Although that act declares it to be a misdemeanor to sell alcoholic beverages to an intoxicated person, it does not create a civil cause of action against the bar or tavern owner. Absent an act of the Legislature sanctioning, under circumstances similar to those of the matter *sub judice,* a civil suit against bar or tavern owners, there is no liability for injuries to intoxicated patrons. We are cognizant that there is an aberration in the law in that the bar or tavern owner may be fined or jailed or

both,[6] for serving alcoholic beverages to an intoxicated patron, but the owner may not be sued.

The Court of Appeals has made crystal clear in *Felder* and *Hatfield* that if a civil cause of action is to be permitted against a bar or tavern owner for injuries to third parties caused by the intoxicated patrons of those bars or taverns, it is for the Legislature, not the Courts, to create the legal remedy. We perceive no reason why that rationale does not logically apply to suits against the bar or tavern owner by the patrons themselves. This is true because if the patron could sue the bar or tavern owner, then, in third party matters such as *Felder* and *Hatfield,* the patron, when sued, could and undoubtedly would join the bar or tavern owner as a third party defendant. Were we to extend that right to intoxicated bar patrons, we would effectively overrule *Felder* and *Hatfield,* an act we are powerless to perform.

There being no valid cause of action by Fisher against O'Connor's, the trial court properly entered judgment for O'Connor's.

*Judgment affirmed.*
*Costs to be paid by appellant.*

---

6. Md. Ann. Code art 2B, § 200.