483 A.2d 379

Nancy B. HAMMOND

v.

Donald A. ROBINS, et ux.

No. 98, Sept. Term, 1984.

Court of Special Appeals of Maryland.

Nov. 13, 1984.

Mallon A. Snyder, Rockville, for appellant.

J. Robert Johnson, Westminster, with whom were McIntire & Johnson, Westminster, on the brief, for appellees.

Argued before ADKINS, BLOOM and GETTY, JJ.

GETTY, Judge.

In *Slack v. Villari*, 59 Md.App. 462, 476 A.2d 227 (1984), we recognized that a dog owner may be responsible for acts of his animal under either of two theories, negligence or strict liability—the latter arising from the owner's knowledge of the animal's propensity to cause harm. The present case, decided prior to our decision in *Slack*, presents a

factual scenario somewhat similar to *Slack*, but sufficiently distinguishable to warrant a contrary result.

Concisely stated, *Slack* involved the dog owner opening a fence gate to allow the animal to walk through toward the kitchen door. Instead, the dog, a Doberman named "Gideon," proceeded to the sidewalk at the front of the house, snarling and growling at the Villaris. Gideon came within inches of the couple on the sidewalk, but did not bite either of them. Mrs. Villari, however, twisted away from the dog and sustained severe injuries to her back. A divided panel of this Court held that no violation of the Prince George's County leash law occurred that would establish a *prima facie* case of negligence, because the dog was not "at large," and Gideon's owner had no notice of the animal's vicious propensities that would warrant the submission of the case to a jury on the theory of strict liability.

In the present case, the trial judge (Gilmore, J.) summarized the facts as follows:

Between 7:00 and 7:30 P.M. on April 26, 1981, Donald A. Robins and Dorothy E. Robins, appellees herein, were riding a heavy duty tandem bicycle on Boetler Road in Carroll County when a dog suddenly appeared from appellant's property and ran across the road directly into the path of appellees' bicycle. As a result of the evasive action taken by Donald Robins, who was driving the tandem unit, the bicycle toppled over injuring both appellees.[1]

The court found that both appellees were experienced in riding a tandem bicycle and that the bicycle was not defective. "Sasha," appellant's dog, was an Alaskan Malamute approximately one year old. Appellant's backyard is enclosed by a chain link fence with a chain affixed to a dog house to prevent Sasha from getting out of the yard. Appellant was aware that Sasha, an even-tempered dog, would leave the backyard and visit other dogs across the

---

1. Donald Robins was riding the bicycle as part of an exercise program following a heart attack. He weighed 295 pounds at the time of the incident; Dorothy Robins weighed 143 pounds.

street from appellant's home and elsewhere on Boetler Road.

On April 26, 1981, appellant Nancy Hammond was doing yard work. Sasha was in the yard, unchained. Appellant observed appellees riding the bicycle as she opened the gate to take a garden cart to the front lawn. Sasha came through the open gate and failed to respond to appellant's command, "Sasha, come here." Sasha continued beyond two evergreen trees at the end of the driveway, at which point she could not be seen by appellant. Mrs. Hammond testified that "an instant" after Sasha disappeared from view she heard a crash and saw the appellees lying in the road.

The appellees herein base their claim upon negligence of the appellant in permitting Sasha to leave the enclosed yard knowing the dog's propensity to cross the street when unrestrained. Strict liability, appellees concede, is not applicable to the facts of this case, presumably because Sasha was not a vicious animal.

Appellant raises five issues of alleged error by the trial court, namely:

1. Did the Circuit Court err in holding that a violation of Carroll County leash law, Ordinance No. 26, gave rise to civil liability?

2. Did the Circuit Court err in holding the appellant liable when there was no evidence that she knew or should have known of the propensity of her dog to do the particular harm alleged?

3. Did the Circuit Court err in not finding that the appellees had assumed the risk or at the very least were contributorily negligent in riding the tandem bicycle?

4. Did the Circuit Court err in finding that the dog involved was that owned by the appellant?

5. Did the Circuit Court err in awarding damages that were clearly excessive and not supported by the evidence?

## I

Appellant argues that unless the animal control ordinance provides for civil liability, none exists. We disagree. Ordinance No. 26, Sec. 5, of the Carroll County Code provides:

*SECTION 5.  RESTRAINT.*

(a) All dogs shall be kept under restraint.

(b) No owner shall fail to exercise proper care and control of his animals to prevent them from becoming a public nuisance.

(c) No owner of an animal shall allow his animal or animals, except cats, to leave his property unattended or unrestrained as defined by this ordinance.

(d) Every female dog in heat shall be contained in a building or secure enclosure in such a manner that such female dog cannot come into contact with a male dog except for planned breeding.

(e) Every vicious animal, as determined by the Licensing Authority, shall be confined by the owner within a building or secure enclosure and shall be securely muzzled or caged whenever off the premises of its owner, or restrained as otherwise directed by the Licensing Authority.

Under Maryland law, the violation of a statutory duty establishes a *prima facie* case of negligence where the violation is the proximate cause of the accident or injury, but does not constitute negligence *per se.*  *Whitt v. Dynan,* 20 Md.App. 148, 315 A.2d 122 (1974), *Slack v. Villari, supra.*  The same principle applies to a county ordinance. *Slack* 59 Md.App. at p. 470, 476 A.2d 227.  Once a legal determination is made by the trial judge that a member of the class the statute was designed to protect has been injured, the trier of fact must determine the issues of negligence and proximate cause.  *See Aravanis v. Eisenberg,* 237 Md. 242, 206 A.2d 148 (1965).

Animal control statutes are designed to protect the public against the hazards of personal injury or property

damage caused by roaming animals, dogs in this instance. *Corey v. Smith*, 233 Ind. 452, 120 N.E.2d 410 (1954); *Butler v. Frieden*, 208 Va. 352, 158 S.E.2d 121 (1967); *Alex v. Armstrong*, 215 Tenn. 276, 385 S.W.2d 110 (1964). The purpose of such statutes is not, as appellant suggests, to regulate activities of dogs. If the interests of dogs were paramount, we would have no controls at all.

## II

■ Appellant alleges that she had no knowledge of Sasha's propensity to commit the harm alleged. The record does not support her claim. She knew of Sasha's penchant for escaping from the backyard and venturing across the street; she knew that Sasha was not confined at the time she opened the gate; she knew, or should have known, that the dog would not respond to her commands; she saw the appellees on the bicycle and knew that Sasha had disappeared from her view and that the bushes at the front of the property would obscure the appellees' view of the dog until she entered the street.

■ Sasha's propensity to commit a specific harm, unknown to appellant, sounds in strict liability, not negligence. As we have already stated, this case is not predicated upon the doctrine of strict liability. All that the law requires to be shown in a negligence claim is that the owner's negligence be the proximate cause of the injury which could reasonably have been anticipated; it is not necessary to have foreseen the particular injury which did happen, or the exact manner in which the injury occurred. 3A C.J.S. *Animals* Sec. 188 (1973).

## III–IV

■ Appellant's claim of contributory negligence and failure to identify the dog involved are without merit. The trial court determined that the appellees were experienced in riding tandem bicycles, that the bicycle was not defective and that the accident was proximately caused by appellant's

failing to control the dog. Likewise, the identity of the dog was based upon the crash having occurred immediately after Sasha left the yard and went toward the road. The appellees described the Alaskan Malamute, although not in great detail, and the place where the dog was first observed. Alaskan Malamutes, furthermore, are probably not to be considered as being routinely present in any neighborhood.

The court was not clearly erroneous in resolving these factual issues. Rule 1086, *Hamilton v. Smith*, 242 Md. 599, 219 A.2d 783 (1966).

## V

■ Damages in favor of Donald Robins amounted to $10,462.26. Dorothy Robins was awarded $6,146.50 and, for loss of consortium, appellees received $2,500.00. The total award was $19,108.76. Both parties were hospitalized with lacerations, fractured ribs, and each experienced severe pain. We have not been referred to any authority that would suggest that the damages awarded are excessive.

Summarizing, we hold that the appellant's knowledge of Sasha's tendency to leave the premises and cross the street whenever the opportunity arose, coupled with the opening of the gate at a time when appellant was aware that the dog was not under restraint, constitutes sufficient evidence of a lack of control over the animal that would be exercised by a reasonable person under the circumstances. In addition, appellant violated the Carroll County Animal Ordinance by not keeping the dog under restraint and by allowing the dog to leave the property unattended and unrestrained. The evidence was clearly sufficient for the trial court to determine that the injuries sustained by appellees were proximately caused by appellant's negligence.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.