536 A.2d 113

**James S. HEBB, III et al.**

v.

**Holly Lynn WALKER et al.**

**No. 574, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Jan. 18, 1988.

Henry R. Lord (Richard E. Dunne, III, John J. Kuchno, Piper & Marbury, Joseph B. Harlan and Birrane, Harlan, & Sharretts, on brief), Baltimore, for appellants.

Irwin E. Weiss and Byron Berman (Allen L. Schwait, Ellen L. Hollander, William L. Reynolds and Frank, Bernstein, Conaway & Goldman, on brief), Baltimore, for appellee, Johnson.

Phillips L. Goldsborough, III, Raymond G. Mullady, Jr., (Frederick William Miller and Miller and Miller and Miller, P.A., on brief), Baltimore, for appellees, Walker and Mallonee.

Before GILBERT, C.J., and BLOOM and POLLITT, JJ.

GILBERT, Chief Judge.

Seventeen-year-old Robert A.A. Johnson was instructed by his parents, who were preparing for an out-of-town business trip, "Feed the dog, keep the lights on at night, don't go out, and above all, don't have anyone in the house while we're not home." We infer, as a result of what actually occurred, that what young Johnson seems to have heard was: "Party time!"

The day after his parents left town, Johnson invited his entire high school senior class and soccer team to his parents' home for a party. He ordered two half-kegs of beer from a local supplier of libations and made arrangements to have a friend pick up the beer. He bought ice, soda, and "snacks" in anticipation of the gala.[1] Johnson expected 120 guests; nearly 400 arrived. Among the uninvited attendants were sixteen-year-old Holly Lynn Walker[2] and fifteen-year-old David Drayton Tucker Hebb.

Walker began the evening with "two or three beers" at Hebb's house in Baltimore City. After a discussion of that evening's "party options," Walker, Hebb, Elizabeth Wolf, and two other girls, Louisa and Whitney, formed a motor vehicle caravan and headed for Johnson's party in Phoenix, Maryland. Neither Walker or Hebb knew Robert Johnson, nor did he know them. Furthermore, Walker did not meet or speak with Johnson at the party.

When she arrived at Johnson's party, Walker procured a beer from Louisa and Whitney. Those two young women had a "six pack" that they carried on that night in their vehicle. Walker took the beer into the party. Approxi-

---

**1.** Johnson, in order to cover his expenses, collected two dollars from each person whom he had invited. He collected $310.00 which exceeded his expenses by $110.00.

**2.** Holly Walker, an interloper, did not pay any money to Johnson, nor was she asked to do so.

mately one hour after arriving at Johnson's, Walker decided to leave because the party, in her view, was "just too big." Inasmuch as Walker had driven Hebb to the party, he departed with her. Minutes later, while traveling south on Dulaney Valley Road, Walker failed to negotiate a curve. Her car flipped over on its side, and Hebb was killed. Hospital records indicate that more than three hours after the accident Walker's blood-alcohol level still gave strong evidence of intoxication.

The appellants, James S. Hebb and Fontaine Hebb-Slorp, the natural parents and co-personal representatives of the estate of David Hebb, filed suit in the Circuit Court for Baltimore County. The action asserted survival and wrongful death claims against Holly Walker, a claim against Walker's mother for negligent entrustment, and claims against Robert Johnson and his parents for negligence. Pursuant to Md. Rule 2–311, all three Johnsons moved to dismiss, alleging that the causes of action asserted against them failed to state a claim upon which relief could be granted. Judge John F. Fader II treated the motion to dismiss as a motion for summary judgment. The judge then granted the motion and entered a final judgment in favor of Robert Johnson and his parents. *See* Md. Rule 2–602(b). Only the judgment in favor of Robert Johnson has been appealed.

■ Appellants seek to have us decide that a seventeen-year-old social host who serves alcoholic beverages to other minors is liable to a third person for harm caused by the negligence of an intoxicated guest. What this appeal actually represents is yet another attempt to import into Maryland a form of Dram Shop liability. In *Kuykendall v. Top Notch Laminates, Inc.,* 70 Md.App. 244, 520 A.2d 1115, *cert. denied,* 310 Md. 2, 526 A.2d 954 (1987), this Court held that an employer hosting a non-mandatory company party was not liable to a third person for injuries caused by the negligence of an employee-guest who had become intoxicated at the employer-host's party. We observed:

"*Felder v. Butler*, 292 Md. 174, 438 A.2d 494 (1981), and *Fisher v. O'Connor's, Inc.*, 53 Md.App. 338, 452 A.2d 1313 (1982), made clear that Maryland has no Dram Shop Act; and, if it is to have one, it is the legislature, not the courts, that should create it. The General Assembly has met, at least annually since those cases were decided, but has not seen fit to enact a Dram Shop Law. It is *totally illogical* to hold that liquor licensees, those in the business of dispensing alcoholic beverages, who serve intoxicated patrons are not civilly liable to injured third persons, *Felder* and *Fisher, supra,* and yet, on the other hand, declare liable an employer whose employee voluntarily becomes intoxicated at a company party and then while driving home injures a third party."

*Id.,* 70 Md.App. at 251, 520 A.2d 1115 (emphasis added). It appears to be even more illogical to hold a minor party host liable for injuries caused to a third person by an intoxicated individual who was an interloper at the party. Surely a liquor licensee must owe a business patron a higher duty of care than does a social host to a guest. Yet, the liquor licensee, as we have seen, is not liable for the motor torts of his intoxicated patrons. *Felder v. Butler, supra; Fisher v. O'Connor's, Inc., supra;* and *Kuykendall v. Top Notch Laminates, Inc., supra.*

Excepting *Kuykendall,* all prior Maryland third party alcoholic beverage liability cases involved a violation of a statute, Md.Ann.Code art. 2B, § 118(a).[3] *State v. Hatfield,* 197 Md. 249, 78 A.2d 754 (1951), involved a plaintiff who alleged that a defendant-tavern owner violated what is now § 118(a) by serving a minor customer after the minor had become visibly intoxicated. Both *Felder* and *Fisher* concerned plaintiffs who averred that a defendant-tavern owner violated § 118(a) by serving alcohol to an already visibly

---

**3.** Art. 2B, § 118(a) prohibits a liquor licensee from selling or furnishing any alcoholic beverages to minors or persons visibly intoxicated. Section 200 deems a violation of § 118(a) to be punishable by a $1,000 fine or two year imprisonment or both.

intoxicated customer.  Appellants asseverate that Johnson's alleged violations of Md.Ann.Code art. 27, §§ 400A, 401, and 402,[4] create civil liability even though violations of Art. 2B, § 118(a) did not.  We perceive appellants' argument with respect to the two statutes to be an attempt to draw a distinction where none exists.  Appellants' novel approach of casting *Felder, Fisher,* and *Kuykendall* as Dram Shop cases while characterizing the instant action as one of statutory violations and social host liability is unavailing. This Court in *Pahanish v. Western Trails, Inc.,* 69 Md.App. 342, 517 A.2d 1122 (1986), speaking through Judge Bloom, said:

> "In Maryland, the violation of a statute does not constitute negligence *per se.  Hammond v. Robins,* 60 Md. App. 430, 435, 483 A.2d 379 (1984).  Rather, the breach of a statutory duty may be considered some evidence of negligence where three requirements are met.  First, the plaintiff must be a member of the class of persons the statute was designed to protect.  Second, the injury suffered must be of the type the statute was designed to prevent. *Id.; Gardenvillage Realty Corporation v. Russo,* 34 Md.App. 25, 34, 366 A.2d 101 (1976).  Third, the plaintiff must present legally sufficient evidence to demonstrate that the statutory violation was the proximate cause of the injury sustained. *Peterson v. Underwood,* 258 Md. 9, 15, 264 A.2d 851 (1970) (quoting *Austin v. Buettner,* 211 Md. 61, 70, 124 A.2d 793 (1956); *Alston v. Forsythe,* 226 Md. 121, 129–30, 172 A.2d 474 (1961); *Liberto v. Holfeldt,* 221 Md. 62, 67, 155 A.2d 698 (1959); *Whitt v. Dynan,* 20 Md.App. 148, 154, 315 A.2d 122 (1974); *Hammond, supra,* 60 Md.App. at 435, 483 A.2d 379."

---

**4.** Art. 27, § 400A makes unlawful the possession of alcoholic beverages by a person under 21 years of age.  Section 401 makes unlawful the obtaining of alcoholic beverages by a person under 21 years of age. Section 402 makes unlawful the misrepresentation of age to induce a liquor licensee to sell or furnish liquor illegally.

The case *sub judice* fails the *Pahanish* test in two respects: 1) Md.Ann.Code art. 27, § 400, *et seq.*, was designed to protect minors against the consumption of alcohol. The evidence was that Holly Walker consumed alcohol at the home of the decedent. The alcohol she drank at Johnson's was taken by her into the party; 2) Even if Johnson served or provided alcohol to Ms. Walker, that factor was not the direct cause of the death of Hebb.

As we see it, social host liability is a near relative of a Dram Shop action. No jurisdiction which refuses to sanction Dram Shop law recognizes social host liability.[5]

■ There may be, as appellants seem to suggest, a societal demand for the creation of a social host liability. If that form of civil redress is to be allowed, it is the Legislature that must enact the necessary laws, not the courts. That is the clear and unmistakable message of the *Felder, Fisher,* and *Kuykendall* trilogy. Currently, there is in this State no social host liability to a party who is injured as a direct or indirect result of the host's having served alcohol to the tort feasor.

There is yet another reason why the appellants cannot prevail in the instant matter. Even if social host liability were a valid cause of action, the facts do not support the appellants. Md. Rule 2–322(c) states: "If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...."

When weighing a motion for summary judgment, the trial court must determine whether the pleadings, answers to

---

5. Seven jurisdictions—Georgia, Indiana, Iowa, Michigan, New Jersey, Pennsylvania, and Wisconsin—sanction social host liability. Of the seven, New Jersey, Pennsylvania, and Wisconsin have done so through case law.

interrogatories, depositions, and affidavits demonstrate that there is no genuine dispute of a material fact. Further, the court must also decide whether the moving party is entitled to judgment as a matter of law. Md. Rule 2–501(e); *Syme v. Marks Rentals, Inc.*, 70 Md.App. 235, 238, 520 A.2d 1110 (1987). The trial judge is commanded to resolve all inferences against the movant. *Id.*, 70 Md.App. at 239, 520 A.2d 1110. Mere allegations neither establish facts nor depict a genuine dispute of fact. *Vanhook v. Merchants Mut. Ins. Co.*, 22 Md.App. 22, 27, 321 A.2d 540 (1974).

The appellants assert in their complaint that 1) Johnson "invited minors such as defendant Holly Lynn Walker to [his] party, 2) "alcoholic beverages ... were served and furnished ... Holly Lynn Walker, 3) "the furnishing and serving of alcoholic beverages ... to Holly Lynn Walker over a period of several hours [were] expressly and implicitly authorized by ... [Robert Johnson], and 4) the appellee "knew or should have known that ... Holly Lynn Walker was served alcoholic beverages ... while she was visibly intoxicated[.]" Not one of those allegations is supported in the record before us. Each of the allegations was specifically contradicted by the only evidence relative thereto, Walker's deposition. She made clear that she 1) was not invited to the party, 2) was not at the party for "several hours" since she arrived "about 10:00 p.m.," and the accident occurred at approximately 11:20 p.m. 3) Moreover, she was not served alcohol at the party, and 4) the only beer she drank while she was there was that which her friends had brought with them and which she had obtained before entering the party.

The appellants have not generated a genuine dispute to any material fact, and Judge Fader properly granted summary judgment in favor of the appellee.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.