564 A.2d 790

**Mary Louise RISTAINO et al.**

v.

**Linda Ann FLANNERY.**

**No. 116, Sept. Term, 1988.**

Court of Appeals of Maryland.

Oct. 16, 1989.

Michael T. Ward (Law Offices of Peter G. Angelos, both on brief), Baltimore, for petitioner.

Allen W. Cohen (Goodman, Cohen & Bennett, P.A., both on brief), Annapolis, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

RODOWSKY, Judge.

This automobile collision, personal injury case was tried before a jury and resulted in a defendant's verdict. We granted certiorari to consider the following question:

> "Is it reversible error to instruct the jury that the mere happening of the accident creates no presumption of negligence on the part of the defendant where the manner in which the accident happened does indeed create a rebuttable presumption of negligence?"

As explained below, our forthright answer is, "It all depends." In the case before us the giving of the instruction constituted reversible error.

Petitioners, Mary Louise Ristaino (Mrs. Ristaino), Carmen A. Fowler, a minor (Carmen), and Mary Fowler, Carmen's mother and natural guardian, were plaintiffs in the trial court (collectively, Plaintiffs). On December 4, 1981, Mrs. Ristaino and Carmen were passengers in an automobile being driven by Antonio J. Ristaino (Mr. Ristaino) when a collision occurred between that vehicle and an automobile driven by the respondent, a defendant in the trial court, Linda Ann Flannery (Flannery or Defendant).[1] The collision occurred at about 2:54 p.m. The weather conditions

---

1. Prior to trial Mr. Ristaino and another passenger in his car, Teresa Ristaino, settled their claims. Flannery's father, who was also sued on an agency theory, obtained a summary judgment.

were overcast skies, with drizzling, but no freezing. Flannery was proceeding westbound, and the Ristaino vehicle was eastbound on Maryland Route 450 which has only one lane for each direction of traffic. At a point approximately two-tenths of a mile west of the South River Bridge the road curves to the right for westbound traffic. The posted speed limit for the curve was thirty m.p.h. Flannery failed to negotiate this curve, came over the center line and struck the Ristaino vehicle. It was then standing on the shoulder of the eastbound lane of the highway where Mr. Ristaino had driven and then stopped in an effort to avoid the collision with the Flannery car which had come across the center line approximately one hundred feet before the impact.

Flannery testified that she had been traveling forty m.p.h. at the bridge, that she took her foot off the accelerator because of the upcoming curve and that her speed had decreased to what she thought was a safe speed as she entered the curve. She said she crossed the center line because her car went into a skid and that she tried to pull out of the skid by steering away from the Ristaino car.

One of the passengers in the Ristaino car, Teresa Ristaino, estimated the speed of the Flannery vehicle to have been forty-five m.p.h.

Among its instructions the court charged the jury that "the mere happening of an accident complained of creates no presumption of negligence on the part of the [d]efendant," that "skidding of and in itself is not alone by itself evidence of negligence," and that "[a] driver who violates the rule of the road ... is prima facie guilty of negligence where the violation directly and proximately causes a collision...." The court also instructed that there was no evidence of contributory negligence. Plaintiffs excepted to the mere happening charge as "inappropriate" in a case where "the vehicle crossed the center line and there is ... prima facie evidence of negligence on the part of the Defendant and where the burden of going forward with the evidence shifts to the Defendant...."

The jury's verdict was in favor of Defendant and judgment was entered accordingly. Plaintiffs appealed to the Court of Special Appeals which affirmed on an analysis involving the nature of true evidentiary presumptions and the weighing of costs and benefits. *Ristaino v. Flannery*, 76 Md.App. 662, 547 A.2d 1115 (1988). We then granted Plaintiffs' petition for certiorari which raises only the question set forth in the introductory paragraph of this opinion.

Plaintiffs submit that proof that an accident was caused by a motorist's crossing the center line of a highway gives rise to a "presumption" of negligence and that, by also instructing that there was no presumption of negligence arising from the mere happening of the accident, the trial court mislead and confused the jury to the prejudice of Plaintiffs' case. Defendant argues that the presumption is only prima facie and rebuttable and that it allows for proof and a finding that the accident is not due to the negligence of the party sued. Consequently, to avoid having the jury believe that, because there was an accident someone must be held responsible, Defendant asserts the mere happening instruction was appropriate here.

We can decide the issue presented in this case without becoming embroiled in applying the law applicable to presumptions as such, "the slipperiest member of the family of legal terms, except its first cousin, 'burden of proof'." E. Cleary, *McCormick on Evidence* § 342, at 965 (3d ed. 1984) (McCormick). To support their contention that the rule of the road violation gives rise to a presumption, Plaintiffs cite *Cocco v. Lissau*, 202 Md. 196, 95 A.2d 857 (1953). There, speaking of the statute requiring a motor vehicle to be driven on the right half of the roadway, we said:

"A driver who violates this 'rule of the road' is *prima facie* guilty of negligence where the violation directly and proximately causes a collision and injury to another traveler on the road, and the burden is then cast upon the driver to overcome the presumption of negligence by showing that under the circumstances, such as the condition of the road or an emergency in the traffic, he was

justified in driving in the center or upon the left half of the road. We emphasize, however, that a violation of this rule does not constitute negligence except when it is the direct and proximate cause of the injury."

*Id.* at 199, 95 A.2d at 858. *See also Virginia Freight Lines v. Montgomery,* 256 Md. 221, 225–26, 260 A.2d 59, 61 (1969). In addition to sometimes meaning a true evidentiary presumption, "prima facie" is commonly used to describe the production, by the proponent of the existence of a fact, of evidence sufficient to support a finding of the existence of the fact. *See* McCormick § 342, note 4; Thomsen, *Presumptions and Burden of Proof in Res Ipsa Loquitur Cases in Maryland,* 3 Md.L.Rev. 285, 289 (1939) (Thomsen). And "presumption" is sometimes "used as a synonym for 'inference,' an act of reasoning." Thomsen at 288.

These ambiguities appear in the authority first cited in *Cocco* in support of the proposition quoted above, *Kelly v. Huber Baking Co.,* 145 Md. 321, 125 A. 782 (1924). *Kelly* involved a motor vehicle collision on a two-lane roadway. Each operator testified that the other's vehicle had overhung the center line. This Court held that it was error to instruct that the jury *must* find for the defendant if it found that the defendant was to the right of the center line at the moment of the collision. Judge Offutt, writing for the Court, said:

> "While it has been generally held that a violation of such a statute may create a *prima facie* presumption of negligence, it has never been held in this State to be negligence *per se.*"

*Id.* at 334, 125 A. at 787. Then, quoting *Huddy on Automobiles,* Ch. 297, the Court explained:

> " 'The distinction between mere "evidence of negligence" and "negligence *per se* " is very marked, in that in the former there must be an adjudication as to whether or not the violation constitutes negligence, whereas in the latter negligence necessarily follows the proof of the violation. * * * The rule is different in some jurisdictions where the regulation involved relates to the so-

called "law of the road." Driving on the wrong side of the road is not so clearly a wrongful act as driving at a prohibited speed, for the circumstances may be such as to excuse a violation of the law of the road. Hence the violation is generally said to be *prima facie* negligence, and the violator of the rule is given an opportunity to rebut the inference of negligence arising against him.' "
*Id.* at 335–36, 125 A. at 788.

■ If violation of the rule of the road requiring a motor vehicle ordinarily to be driven to the right of the center line creates a true evidentiary presumption of negligence, its foundation as a presumption lies in probability. *See* McLain, *Maryland Evidence* § 301.3, at 221 (1987). That same foundation will also give rise to an inference of negligence. In the case *sub judice* it does not make a particle of difference whether, from the evidence that Flannery crossed the center line, Plaintiffs' proof of Flannery's negligence arose as an inference or by operation of a presumption. The distinction between a true evidentiary presumption and an inference, when used to prove primary negligence, is important as to the defendant's risk of a directed verdict for the plaintiff. *See* McCormick § 342, at 965. The risk arises if the defendant fails to meet the burden of going forward with evidence "[]sufficient to be considered by the jury in rebuttal of the presumption...." *Grier v. Rosenberg*, 213 Md. 248, 255, 131 A.2d 737, 740 (1957). Here, Flannery came forward with evidence and Plaintiffs do not contend they were erroneously denied a directed verdict on liability.

The presumption-inference distinction may also bear importantly on instructions. *See Grier* (plaintiff entitled to an instruction properly explaining the presumption of agency from vehicle ownership). In the instant matter, the trial court instructed that there was a presumption of negligence from a violation of a rule of the road, and Plaintiffs took no exception to that aspect of the charge.

A true evidentiary presumption might also place the ultimate burden of persuasion concerning the subject of the presumption on the party against whom the presumption operates. *Compare* McCormick § 344(B), at 979 ("Many writers came to the view that the better rule for all presumptions would provide that anything worthy of the name 'presumption' has the effect of fixing the burden of persuasion on the party contesting the existence of the presumed fact." (footnote omitted)) *with* Thomsen at 298 (interpreting Maryland cases through 1939 in which a rebuttable presumption was based on probability so as to put on the defendant a burden to go forward with the evidence, but not a burden of persuasion). Here no exception has been taken to the trial court's assignment of the burden of persuasion on the issue of primary negligence. Consequently, the question presented requires only that we decide whether the trial court erred, and, if so, whether prejudicially, in the way it combined the mere happening instruction with the prima facie negligence instruction.

I

As an abstract proposition, the position taken by Defendant in this case is correct. The *mere* happening of an accident, even with resulting harm, *e.g.*, that the plaintiff slipped and fell on the land occupier's premises, or that two motor vehicles collided, considered in a factual vacuum devoid of the surrounding facts and circumstances, does not involve any proof of negligence.

Jurors, however, are not generally given to conceptualizing about accidents in the abstract. When the trial judge instructs, jurors rightfully assume that the judge is talking about the case before them and is stating the law to be applied by the jurors, unless the instruction properly explains otherwise. The problem of inconsistent instructions was well described in a California case where the plaintiff's evidence, if believed, would have been sufficient to support a finding of primary negligence under California's version of *res ipsa loquitur* and where the trial judge also gave a

mere happening instruction. In *Shaw v. Pacific Greyhound Lines*, 50 Cal.2d 153, 156, 323 P.2d 391, 392–93 (1958), the court said:

"Although it is proper in many cases to give an instruction that the mere happening of an accident does not support an inference of negligence, a problem arises where, as here, there is evidence warranting the application of the doctrine of res ipsa loquitur. It is apparent that an instruction like the one quoted above contains an idea which might be understood by a layman to be inconsistent with the doctrine of res ipsa loquitur.... The direction that the mere happening of an accident, considered alone, does not support an inference of negligence would appear to contradict the usual statement of the doctrine of res ipsa loquitur as found in the typical instructions given on the subject, namely, that an inference arises from the happening of the accident that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. In the absence of a proper explanation of the relationship between the two instructions, the words 'mere' and 'considered alone' might not prevent laymen from erroneously concluding that under no view of the evidence could an inference of negligence be drawn from the happening of the accident."

■ The issues presented by the evidence at trial determine the instructions which a trial judge should give. That general rule applies in a case of the subject type in which the plaintiff presents evidence of a primary fact, the violation of a rule of the road, and from that seeks to take advantage of an inference or presumption of negligence. Seemingly there are three subsets of the subject type of case. In the first subset neither the primary fact nor the inferred or presumed fact are contradicted or reasonably controverted. There would be no issue about the defendant's negligence so that a mere happening instruction should not be granted.

There can be a second subset in which the primary facts are in dispute and, consequently, the availability of an

inference or presumption of negligence is also in dispute. In this second class of cases there are, in a sense, two different accidents involved, depending upon whose testimony the jury believes. If the defendant requests a mere happening instruction, it would ordinarily seem to be appropriate to grant the instruction, so long as it is made clear that it is the mere happening of the accident as described in the evidence most favorable to the defendant that does not give rise to a presumption of negligence. For example, in *Kelly v. Huber Baking Co.,* there was a factual conflict over which vehicle crossed the center line. After verdict and judgment for the defendant, the plaintiff's appeal included among the points of claimed error the granting of a mere happening instruction. The Court held that that instruction, referred to as defendant's first prayer, "state[d] general principles of law applicable to the facts of the case in a form which has been repeatedly approved by this Court, and [was] properly granted." 145 Md. at 329, 125 A. at 785.[2]

The third subset of cases is illustrated here where the primary fact is uncontradicted and uncontroverted, and where the primary fact sufficiently supports an inference or presumption of negligence to get the plaintiff to the jury, but where the defendant sufficiently controverts the inference or presumption of negligence to generate a jury issue. Under these circumstances our cases have found error when a mere happening instruction was given, without further explanation, in conjunction with a prima facie negli-

---

2. The defendant's first prayer, as granted in *Kelly,* read:
 "The Court instructs the jury that the mere happening of the accident complained of raises no presumption of negligence on the part of the servant of the defendant operating the automobile referred to in the evidence, but the burden is upon the plaintiff to establish by a preponderance of affirmative evidence that negligence on the part of said servant caused said accident, and if the minds of the jury are left by the evidence in a state of even balance as to the existence of such negligence, then the verdict of the jury must be for the defendant."
 Record at 4–5.

gence instruction. In *State ex rel. Thompson v. Emerson & Morgan Coal Co.*, 150 Md. 429, 133 A. 601 (1926), the defendant was delivering coal to a house from its truck parked at the curb in front of the house. Delivery was by means of a chute extending from the top of the truck, across the pedestrian sidewalk, and into the cellar of the house. There was no dispute that the decedent was killed when the chute fell on her while she was wheeling a baby carriage under the chute. The defendant's evidence attributed the collapse to a latent defect in a link in a chain supporting the chute. On an appeal from a judgment entered on a verdict for the defendant we held that it was reversible error to have instructed " 'that the mere happening of the accident complained of raised no presumption of negligence on the part of the defendant.' " *Id.* at 448, 133 A. at 608. We said that

> "[s]uch an instruction in a case of this character is misleading and improper, because where an accident is caused by the operation of some instrumentality in the exclusive control of the defendant for which no explanation can be offered by the plaintiff, under circumstances which involve a breach of a duty on the part of the defendant to avoid injuring the plaintiff through the operation of such instrumentality, a presumption of negligence does arise from the mere happening of the accident."

*Id.*, 133 A. at 608–09.

In *Pindell v. Rubenstein*, 139 Md. 567, 115 A. 859 (1921), there was no substantive evidence to contradict testimony that the infant plaintiff had been injured when the defendant's large wooden gate in a fence fell on the plaintiff while the child was walking on the public sidewalk. There was evidence for the plaintiff that one or more of the gate's hinges were defective or missing while the defendant testified that the gate was entirely in order. Judgment followed a verdict for the defendant. Judge Offutt, who was later to write both *Kelly* and *State ex rel. Thompson*, wrote for the Court:

"The fourth prayer, which instructs the jury that no presumption of negligence arises from the mere happening of an accident, and that the burden was on the plaintiff to prove that it was occasioned by the negligence of the defendants, was, under the circumstances of this case, not only misleading but incorrect, because if the plaintiff's evidence is accepted, this is one of that class of cases in which it may be inferred from the mere happening of an accident, when taken in connection with the circumstances surrounding it, that it was due to a breach of some duty on the part of the person controlling or responsible for the agency causing it...."

*Id.* at 578, 115 A. at 863.

The converse situation was presented in *Lawson v. Clawson*, 177 Md. 333, 9 A.2d 755 (1939), in which there was no dispute that the plaintiff had been injured in the collapse of a grandstand erected for spectators at a professional wrestling match. Certain defendants argued on appeal that their requested instructions concerning the mere happening of the accident should have been granted. This Court held the

"refusal was proper, inasmuch as appellee was injured under circumstances justifying an inference that his injuries would not have occurred had those persons in charge of the seating arrangements for the wrestling bout exercised ordinary care; moreover, since negligence could be presumed as a rational inference from the facts before the jurors, the instructions as offered were calculated to mislead rather than help them."

*Id.* at 342, 9 A.2d at 759.

In the instant case, the fact that Flannery crossed the center line was neither contradicted nor controverted so that it would have been error to give a mere happening instruction without a very clear explanation. Indeed, in cases of the instant type it is better practice not to give any mere happening instruction, even with an attempted explanation.

## II

 The question then resolves itself to whether the instructions as a whole, actually given in this case, were so clear as not to be erroneous or, at least, not to be prejudicially erroneous. The certiorari question is framed in terms of "reversible" error. Further, under Maryland Rule 8–131(b)(1), we "may consider whether the error was harmless or non-prejudicial even though the matter of harm or prejudice was not raised in the petition or in a cross-petition."

The instruction given in this case told the jury that "just because two vehicles come together, doesn't prove in and of itself anything." The court cautioned the jury that it would "have to watch [the mere happening instruction] because later on I'm going to get to a place where there is prima facie evidence of negligence...." [3] Similarly, the instruction on skidding was "that skidding of and in itself is not alone by itself evidence of negligence." [4] Two pages further on in the transcript of the charge the court reached the prima facie negligence instruction and referred back to the caution which it had given the jury in the mere happening instruction. ("Alright, remember I told you in some circumstances there may be a situation where you may find that a person is prima facie negligent.").[5]

---

**3.** The mere happening instruction in this case reads in full:
"You are instructed that the mere happening of an accident complained of creates no presumption of negligence on the part of the Defendant. Now, you have to watch that because later on I'm going to get to a place where there is prima facie evidence of negligence or, let's strike the word 'is', where you conceivably could find prima facie evidence of negligence. But just because there's an accident that occurs, just because two vehicles come together, doesn't prove in and of itself anything, just because a person's hurt doesn't mean that someone else is responsible or liable for damages to that hurt."

**4.** The court went on to say:
"Skidding may be taken by you as evidence of negligence if and only [if] it was caused by the failure of the Defendant to take reasonable precautions to avoid it at the time."

**5.** The balance of the prima facie negligence instruction reads:

Here the trial judge clearly perceived the inconsistency between the mere happening and the prima facie negligence instructions, and the judge endeavored to reconcile them for the jury. That effort at reconciliation, however, underscored the conflict more than the effort harmonized it. In a case of this type the mere happening instruction operates only on an abstract level while the prima facie proof instruction operates in terms of the facts and circumstances of the case. We doubt that the two instructions can be given without confusing the jury, in the absence of tying the instructions to a fairly full reference to the evidence. See Rule 2–520(d). That was not done in the charge before us. Because we find prejudicial error, we reverse.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED AND CASE REMANDED TO THAT COURT FOR THE ENTRY OF A JUDGMENT REVERSING THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AND REMANDING THIS CASE TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR A NEW TRIAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT.

McAULIFFE, Judge, concurring.

I concur in the result.

---

"Alright. A driver who violates a rule of the road and I'll give you rules of the road, our ... our motor vehicle code in a minute, requiring vehicles to be driven, and this will be one of them that I'll give you in a minute but this happens to be ... well, strike that. Let me start all over again. A driver who violates the rule of the road and I'll give you the rules in a minute, is prima facie guilty of negligence where the violation directly and proximately causes a collision and injury to another traveler on the road and the burden is then cast upon the driver to overcome the presumption of negligence by showing that under the circumstances such as the condition of the road or an emergency situation in traffic, he was justified in driving in the center or upon the left ... upon the left half ... of the roadway."