**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DANA SHERWOOD, An infant, by
Ethel Sherwood, Mother and Next
Friend; ETHEL SHERWOOD,
Plaintiffs-Appellants,

No. 96-2052

v.

MICHAEL ELWOOD ARMSTRONG,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-95-850-H)

Submitted: September 9, 1997

Decided: September 26, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leonard A. Orman, Baltimore, Maryland, for Appellants. Kathleen
M. McDonald, KERR MCDONALD, L.L.P., Baltimore, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Ethel and Dana Sherwood filed a complaint in the district court seeking damages on behalf of Dana Sherwood, who was a minor at that time, for injuries Dana Sherwood received in an automobile accident in Ocean City, Maryland, and for expenses that Ethel Sherwood incurred on Dana's behalf and for loss of her daughter's services. The case proceeded to trial before a jury. At the close of the evidence, the Sherwoods moved for judgment as a matter of law which the district court denied. After the jury returned a verdict in favor of the Defendant, the Sherwoods moved for a new trial and judgment notwithstanding the verdict. The district judge treated the motion as a motion for a new trial and a motion for judgment as a matter of law. The district court denied the motions and the Sherwoods timely noted their appeal.

On appeal, the Sherwoods argue that the district court erred by denying their motions for judgment as a matter of law and committed error in giving one jury instruction and by failing to give another instruction requested by the Sherwoods. Finding no error, we affirm.

The Sherwoods filed this suit as a result of a motor vehicle accident which occurred in Ocean City, Maryland, on August 10, 1992. Dana Sherwood, a minor at the time, was a passenger in a car operated by Adam Geary. Defendant Michael Armstrong was proceeding north on Baltimore Avenue in his van around 11:00 p.m. The Geary vehicle struck Armstrong's vehicle when he was making a left hand turn at an intersection.

Dana Sherwood and Michael Armstrong were the only witnesses at trial to testify regarding the circumstances leading to the accident. Sherwood did not remember many of the details leading to the actual crash; those details she could remember were the result of someone

2

else refreshing her memory. The critical issue as to liability was whether the headlights of Geary's vehicle were on at the time of the accident. Dana Sherwood testified that she recalled that Geary turned on his headlights in the parking lot he was parked in before heading onto Baltimore Avenue. Armstrong testified that before he made the left turn he slowed to a near stop, signaled, and looked for oncoming traffic. Armstrong testified that he did not see any oncoming traffic, that although there were streetlights on Baltimore Avenue, they were dim and the lighting was poor. He further testified that he did not know what had hit him when the Geary vehicle struck his van.

In reviewing the denial of a motion for judgment as a matter of law, this court must determine whether a reasonable jury, based upon the evidence presented, could have found the verdict. See Trimed, Inc. v. Sherwood Medical Co., 977 F.2d 885, 888 (4th Cir. 1992). To the extent that the Sherwoods assign error to the trial court's application or interpretation of Maryland law, the standard of review is de novo. Id. at 890.

The Sherwoods first argue that the district court should have granted their motions for judgment as a matter of law because Maryland law presumes negligence, or that a portion of testimony is untrue, when a person testifies that he looked but did not see something which was in plain sight. See Johnson v. Dortch, 342 A.2d 326, 333 (Md. App. 1975). The Sherwoods rely upon Dietrich v. Canton R.R., 151 A.2d 163 (Md. 1959), to argue that Armstrong's testimony that he looked north but did not see the Geary vehicle is a negative inference which cannot overcome Dana Sherwood's positive testimony that Geary turned on his headlights before proceeding onto Baltimore Avenue. Dietrich and Johnson are inapplicable to this case because it was not established at trial that no reasonable jury could do other than find that Armstrong was negligent.

The facts in this case are similar to those in Hiltgen v. Sumrall, 47 F.3d 695 (5th Cir. 1995). In that case, the driver of a tractor trailer had testified that he did not turn off his rear lights. The plaintiff's witnesses testified that they did not see the tractor trailer's lights prior to the accident although they were in a position to see the lights had they been on. The court concluded that the jury was free to consider

3

the driver's interest in the outcome of the litigation and his credibility in general. See Hiltgen, 47 F.3d at 700.

The jury's verdict essentially boiled down to a determination of credibility of the witnesses. If the jury fully credited Armstrong's testimony, the jury would find that Armstrong was not negligent. The jury was entitled to infer from Armstrong's testimony that he did not see the Geary vehicle because its lights were not turned on. The jury was likewise entitled to give little or no credit to Dana Sherwood's testimony regarding the accident. Dana Sherwood was fifteen years of age at the time, and the trial was held nearly three years after the accident. Determinations as to the credibility of witnesses and the weight to be accorded evidence are matters within the province of the jury. See Trimed, 977 F.2d at 888; McNairn v. Sullivan, 929 F.2d 974, 978 (4th Cir. 1991). We find that the issue of whether Geary's automobile had its headlights on was in dispute and the question properly went to the jury and the district court properly denied the motions for judgment as a matter of law on this issue.

The Sherwoods also argue that the motions for judgment as a matter of law should have been granted because Armstrong allegedly violated Maryland's "left turn" statute, Md. Code Ann. Transp. II § 21-402(a) (Repl. Vol. 1992). The district court properly instructed the jury that if it found that Armstrong violated the left turn statute, it might consider such violation as evidence of negligence. See Fisher v. O'Connor's, Inc., 452 A.2d 1313, 1315 (Md. App. 1982). The Sherwoods specifically requested that this instruction be given. Whether a party complied with a statute and whether that failure caused a plaintiff's injuries are questions for the jury. See Ford v. Bradford, 132 A.2d 488, 492 (Md. 1957). Therefore, the district court properly refused to grant the Sherwoods's motion for judgment as a matter of law on this ground.

The Sherwoods assign as error two jury instruction issues. The formulation of jury instructions is reviewed for an abuse of discretion. See Trimed, 977 F.2d at 890. If the propriety of giving the instruction is a matter of state law, it is reviewed de novo. Id. First the Sherwoods argue that the district court erred by instructing the jury that "[t]he mere happening of an accident . . . does not in itself constitute negligence." The two cases that the Sherwoods rely upon do not hold

4

that the mere happening instruction is improper in a negligence case such as the one at issue here. In Ristaino v. Flannery, 564 A.2d 790 (Md. 1989), the Court of Appeals of Maryland held that when the primary facts are in dispute and the availability of the inference of negligence is also in dispute, a mere happening instruction is proper. See Ristaino, 564 A.2d at 794-95. In Kennelly v. Burgess, 654 A.2d 1335 (Md. 1995), the Court of Appeals of Maryland held that while the mere happening instruction was inappropriate in that particular medical malpractice case, the instruction may be properly given in negligence cases although the instruction may "elucidate the obvious" and be redundant. See Kennelly, 654 A.2d at 1341-42. We find that the district court did not err in giving the mere happening instruction.

Finally, the Sherwoods argue that the district court erred by failing to include the following jury instruction: "[t]he Court instructs the jury that when a person testifies that he looked but did not see that which was or should have been in plain sight, it necessarily follows either that some part of his or her testimony is untrue or that the person was negligently inattentive." The Sherwoods rely upon Johnson v. Dortch as the legal foundation for the instruction. Johnson does not involve a sufficiently similar factual situation to this case. Further, as discussed above, it was for the jury to decide whether Geary's vehicle was in plain sight of Armstrong. We find that the district court properly declined to give the plain sight instruction as requested by the Sherwoods.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5